25863. EMHART CORPORATION v. McLARTY et al.

ARGUED JUNE 8, 1970—DECIDED JULY 9, 1970—
REHEARING DENIED JULY 28, 1970.

*Aynes, Feldman & Genins, R. John Genins,* for appellant.
*Isaac S. Jolles,* for appellees.

NICHOLS, Justice. ■ In a case seeking the cancellation of a deed, all parties. to such deed are necessary parties and the absence of such a material party is a fatal defect. See *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524) ; *Jackson v. Watts,* 223 Ga. 70 (154 SE2d 195). Accordingly, since the Port Development Corporation, the grantee in the deed from Mrs. Emmie B. McLarty, was the only party to such deed named as a party in the present case, the trial court did not err in dismissing the petition as to Port Development Corporation.

■ Under decisions exemplified by *Tatum v. Leigh,* 136 Ga. 791 (72 SE 236, AC 1912D 216), an action will lie against the stockholders of a corporation where they have disposed of the corporate assets and appropriated the same to their individual use thus leaving no other assets from which to pay corporate debts. Under such decision a necessary prerequisite to an action against the stockholders is the obtaining of a judgment against the corporation and the return of nulla bona on the execution.

In *Lamar v. Allison,* 101 Ga. 270, 276 (28 SE 686), a similar case, it was held: "The corporation is the primary debtor; and when sued to judgment, if it should have no assets out of which the judgment at law could be satisfied, the superior court, in the exercise of its equity powers, has power to decree against the stockholders, who had *appropriated to their own use* the assets of the corporation, the payment of the debts thus recovered against it, *to the extent of the value of the assets thus misappropriated.*" (Emphasis supplied.)

The petition in the present case alleges that all the assets of the corporation were transferred to Mrs. Emmie B. McLarty, a stockholder and director who owned 90% of the corporate stock. The present action is not against her but is against her husband who, under the allegations of the petition, could not have owned more than 10% of the stock of such corporation, and to whom none of the assets of the corporation were transferred. Accordingly, the petition is defective as an equity case seeking a recovery against Rufus McLarty and must be construed, as to him, as a petition seeking to recover for the conversion of personalty, a tort.

"In proceedings where equitable relief is sought, the time within which the right will be barred will often be determined by a method of double limitations. That is, the court will first ascertain whether the right has been barred by the lapse of statutory time prescribed for its enforcement. If so barred, there need, of course, be no further consideration of the case. However, if not so barred, a court of equity will further investigate the situation to see if the plaintiff has been guilty of laches. It will give no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Davis & Shulman, Georgia Practice and Procedure, (3d Ed.), p. 465. The plea of laches in the present case where equitable relief was sought includes therein a plea of the statute of limitation as to legal relief.

The statute of limitation for the conversion of personalty is four years. *Code* § 3-1003. If the cause of action be deemed to have accrued in October 1964 when the corporation executed a warranty deed to Emmie B. McLarty or at the time the deed to secure debt was executed (obviously earlier) more than four years elapsed before the present action was filed on July 18, 1969.

However, since a prerequisite to an action against a stockholder and director for the wrongful appropriation of corporate assets to his own use is a judgment against the corporation and a return of nulla bona on the execution, it necessarily follows that an action against a corporation officer and director for the wrongful conversion of the assets of an insolvent corporation could not accrue until judgment is obtained against the corporation and a nulla bona on the execution returned. The present action filed approximately one year after the entry of judgment against the corporation was not barred by laches.

Since equity will not require a useless thing, the allegations of the petition as to the judgment being obtained against the corporation together with the allegations of the prior conveyance of all the corporate property is tantamount to an allegation of an entry of nulla bona on an execution. That part of the judgment of the trial court sustaining the motion to dismiss of Port Development Corporation is affirmed and that part of the

said judgment dismissing the complaint as to Rufus McLarty on the ground of laches is reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*