The **TEWA TESUQUE**, an unincorporated association, et al., Plaintiffs,

v.

Rogers **C. B. MORTON**, Individually and as Secretary of the Interior of the United States, et al., Defendants.

Civ. No. 9630.

United States District Court,
D. New Mexico.

July 16, 1973.

Richard L. Young, Albuquerque, N. M., of Native American Legal Society, for plaintiffs.

Victor R. Ortega, U. S. Atty., Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for Morton, Olson, Friedman and Kingsolver.

Kegel & McCulloh (W. R. Kegel), Santa Fe, N. M., for Sangre de Cristo Development.

## MEMORANDUM OPINION

PAYNE, Chief Judge.

The Court heretofore entered its Order of Dismissal of the above mentioned case on July 2, 1973. The Plaintiffs have now filed a "Motion To Vacate Order Of Dismissal And For Oral Argument" and have also filed a memorandum of authorities in support of their motion.

There are two questions raised by the entry of the Order. First, the Court held that it was without jurisdiction in this action because the Pueblo De Tesuque was not made a party to the suit and that since it was a suit to cancel a lease, all parties to the lease had to be before the Court. Secondly, the Court held that the actions of the Federal Defendants were within the outer perimeter of their duties and that they were, therefore, immune to suit.

It is a fundamental principle of the law that an instrument may not be cancelled by a Court unless the parties to the instrument are before the Court. In the case of Page v. Town of Gallup,

et al., 26 N.M. 239, 191 P. 460 (1920) the Court had this to say:

"In a suit to set aside and annul a written executory contract, and to perpetually enjoin one of the parties thereto from performing the contract on his part, all the parties to the contract are necessary and indispensable parties to the suit, without which the court is without jurisdiction to annul such contract, or to enjoin a party from performing it. This principle of law was announced by this court in the case of Walrath v. Board of Commissioners, 18 N.M. 101, 134 Pac. 204. It was there said that the court will take notice of the absence of indispensable parties when such fact is made to appear, though not raised by the pleadings, or suggested by counsel, and will dismiss the plaintiff's bill, when to grant the relief prayed would injuriously affect persons materially interested in the subject-matter and not made a party."

In the case of Isaacks v. Jeffers, 144 F.2d 26 at page 30, Circuit Judge Bratton made the following statement:

"It is settled law in New Mexico that a contract, or conveyance of property, cannot be annulled without all parties to it, or their legal representatives, being parties to the action. Page v. Town of Gallup, 26 N.M. 239, 191 P. 460."

In 13 Am.Jur.2d, 538, Cancellation of Instruments paragraph 56 reads as follows:

"In an action for cancellation of an instrument all persons whose rights or interests will be affected by the cancellation are proper and necessary parties. A petition for cancellation is demurrable when it shows on its face that indispensable parties are not joined as plaintiff or defendant."

The same law is found in 12 C.J.S. Cancellation of Instruments § 52, p. 1028, where it says:

"All parties to the instrument sought to be cancelled are necessary parties to the suit for cancellation, either as plaintiffs or as defendants . . . ."

In the case of Emhart Corp. v. McLarty, et al., 226 Ga. 621, 176 S.E.2d 698 (1970) the first headnote reads as follows:

"In action for cancellation of deed, all parties to deed are necessary parties, and absence of such party is fatal defect."

■ While the foregoing citation has reference to a deed it would be just as binding in the case of a lease.

The same law is found in 77 A.L.R.2d 1013 which is a quotation from Roberts v. Cooter, 184 Kan. 805, 339 P.2d 362, page 367, 77 A.L.R.2d 1005, page 1013, which reads as follows:

"When instituting a suit for the cancellation of a written instrument, the plaintiff should join as parties plaintiff or as parties defendant, according to the nature of their interest, all persons whose rights or privileges may be in any way affected by the granting of the relief sought. Toklan Royalty Corp. v. Panhandle Eastern Pipe Line Co., 168 Kan. 259, Syl. ¶ 5 and corresponding portion of opinion, 212 P.2d 348; 9 Am.Jur., Cancelation of Instruments, § 54, p. 395; 12 C.J.S. Cancellation of Instruments § 52, p. 1027."

We next pass to the dismissal of the case against the Federal Defendants. There was no question that the lease was executed with their approval in the exercise of their discretion. The Court dismissed the Federal Defendants on the grounds that they were acting within the outer perimeter of their authority and that they were thereby immune from suit. They were being sued both individually and in their official capacity. The question is well discussed in the case of Sowders v. Damron, 457 F.2d 1182 (10 Cir. 1972) which is a decision by the 10th Circuit Court of Appeals in a case that originated in this Court. That case was a suit against an Internal Revenue officer. This Court relied on certain decisions mentioned in that opinion.

Among other things the Court said the following:

> "The law of privilege as a defense by government officers to civil damage suits for defamation and other torts has been long applied to the judicial, legislative and executive branches of our Government. See Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) for a review of the cases bearing on this matter."

▪ From the foregoing it is seen that the Federal Defendants are immune from any suit individually and insofar as the lease is concerned the Court has herein shown it could not be cancelled without naming all parties to the lease. It is apparent, therefore, that a suit may not be maintained against the Federal Defendants on either basis.

Plaintiffs rely on Jackson v. Sims, 201 F.2d 259 (CA 10th 1953) and Choctaw and Chickasaw Nations v. Seitz, 193 F.2d 456 (10th Cir. 1951).

The Chicakasaw case is readily distinguishable from the case at bar in that it was a suit by the Choctaw and Chickasaw Nations against others. In passing the Court might state that headnote 6 of the case reads as follows:

> "An 'indispensable party' is one who has such an interest in the subject matter of controversy that a final decree cannot be rendered between the other parties to suit without radically and injuriously affecting his interest, or without leaving controversy in such a situation that its final determination may be inconsistent with equity and good conscience."

The Jackson case is not in point but it bears out the action of the Court in this case.

▪ Plaintiffs also rely on 5 U.S.C. § 701 et seq. The reference to 5 U.S.C. § 701 et seq. is not sufficient unless the Plaintiffs show, or in their brief demonstrate to the Court, that something has been done bringing them within the protection of a relevant statute. In Braude v. Wirtz, 350 F.2d 702 (9th Cir.

1965) at pages 707–708, the Court states as follows:

> "To support standing to sue under Sec. 10(a) of the Act it is not enough for appellants to show that they have been 'adversely affected or aggrieved'. In addition, there must be a showing of adverse effect or aggrievement 'within the meaning of any relevant statute.'"

The Plaintiffs may claim that they are aggrieved but they have not alleged that they are aggrieved within the meaning of any relevant statute.

Accordingly, the motion should be and it is hereby denied.