57226. PACE et al. v. MERCK et al.

SMITH, Judge.

The trial court granted appellee Merck's motion for summary judgment on the ground of res judicata, and appellants bring this appeal. We reverse.

Prior to this action, appellants filed a suit for fraud in the Civil Court of Fulton County against Transmission

King, Inc., and James Merck, the corporation's president and sole stockholder. That suit alleged Merck and his corporation had committed a fraud by representing certain repairs to appellants' vehicle would cost $85, disassembling the transmission so that the vehicle would not operate, and then demanding $260 from appellants as a condition precedent to their reacquisition of the vehicle. On February 17, 1976, the court entered judgment in accordance with a $6,800 jury verdict against Transmission King, Merck having been dismissed from that action because of appellants' failure to prove their allegation that he was a joint tortfeasor with the corporation. On April 7, 1976, the trial court overruled Transmission King's motion for new trial. Appellants' post-judgment deposition of Merck, taken on June 4, 1976, revealed that Transmission King held no meetings for election of officers or any other purpose, that the supposed corporation had never had any directors, and that Merck owned the real property on which the business was situated and the wrecker and other service equipment used in the business. Merck also deposed that, because of the judgment entered against Transmission King, he had gone out of business under that name in April, 1976. In that same month, Merck opened up a new corporation, Transmission Service Company, at the same location and with the same employees and equipment as Transmission King. On April 10, 1976, the Fulton County sheriff returned a nulla bona to a writ of execution issued against Transmission King.

Alleging the fact of the Fulton County judgment along with the facts revealed on the post-judgment discovery they had conducted, appellants then instituted this action in the Superior Court of DeKalb County against Merck and Transmission King. Appellants complained that the court should disregard the corporate entity behind which Merck sought to shield himself, that Merck had "set out to hinder, delay and defraud the [appellants] in the enforcement and collection of the judgment in their favor," and that the court should hold the Fulton County judgment to be a judgment against Merck personally. The trial court entered summary judgment for Merck, finding that his dismissal from the Fulton County suit was res

judicata.

Viewing the evidence and allegations in favor of appellants, the opponents of the motion for summary judgment, we conclude that the DeKalb County suit set forth a cause of action against Merck for fraudulently preventing appellants' recovery of their judgment, a cause of action different from and one which arose subsequent to the fraud claim of the Fulton County action. Therefore, the trial court erred in granting Merck's motion for summary judgment on the basis of res judicata. Code § 110-501; *Spearman v. Jaudon,* 145 Ga. App. 136 (243 SE2d 90) (1978). "[W]here plaintiff filed a petition against I. E. Richards and The Liberty Lumber Company, a Georgia corporation, and Black Cypress Lumber Company, another Georgia corporation, in an effort to collect a judgment for wrongful death previously obtained by plaintiff against the Liberty Lumber Company, alleging that the said I. E. Richards was the sole stockholder of both of the aforenamed corporations and that two days before said judgment was so obtained, the said Richards, as individual, executed a contract with himself as president of The Liberty Lumber Company, the effect of which was to transfer to himself as individual all the assets, most of which he then transferred to a new corporation, Black Cypress Lumber Company, by him organized for such purpose, and that, as a result of such transfers to himself and to said new corporation, he rendered The Liberty Lumber Company insolvent and incapable of satisfying said judgment, the court overruled the defendants' demurrers, Russell, C. J., stating: 'We do not lose sight of the fact that this court has many times held that an artificial corporation is distinct from the individuals that compose it, even though one person may own all the stock in that corporation . . . Certainly it must be assumed that the relations between Richards and the corporations are as close as near relatives in cases where the relationship would establish a badge of fraud; and the plaintiff's case is based upon fraud ("that the Black Cypress Lumber Company was created and control thereof secured by Richards for the purpose of hindering, delaying, and defrauding creditors of The Liberty Lumber Company, in which he owned all the stock"). No authority

need be cited to recall the rule that fraud may not be presumed, but must be proved; fraud being subtle in its nature, slight circumstances may be sufficient to carry conviction of its existence; in cases of close relationship, and when an attack is made that a conveyance has been with intent to hinder, delay, or defraud creditors, the transaction will be submitted to close scrutiny.' [*Liberty Lumber Co. v. Silas,* 181 Ga. 774, 778 (184 SE 286) (1936)]." Kaplan's Nadler Georgia Corporation Law, § 3-17, pp. 90-91. See also *Regal Textile Co. v. Feil,* 189 Ga. 581(1) (6 SE2d 908) (1940) and *Farmers Warehouse of Pelham, Inc. v. Collins,* 220 Ga. 141(2d) (137 SE2d 619) (1964).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979.

*Kyle Yancey, for appellants.*
*Siegel & Grude, Alvin N. Siegel, for appellees.*