## 63249. CARVER v. BATTEY MACHINERY COMPANY.

BANKE, Judge.

In a prior action, the plaintiff, Battey Machinery Company, obtained a judgment against Carver Plumbing and Heating, Inc., a corporation whose sole stockholder, Duel Carver, is the defendant in this case. The judgment was based upon a promissory note for amounts due the plaintiff on an open account, plus attorney fees. The present action was instituted against Duel Carver, individually, alleging that he is the alter ego of Carver Plumbing and Heating, Inc., and that he fraudulently transferred the assets of the corporation in order to make the prior judgment uncollectible. He appeals the denial of his motion for new trial and for judgment notwithstanding the verdict following a jury verdict in favor of the plaintiff, contending that the prior judgment against the corporation insulates him from personal liability.

The evidence presented shows that Carver Plumbing and Heating, Inc., answered the complaint in the prior action on January 28, 1980, admitting all of the essential allegations concerning the promissory note. On February 15, 1980, plaintiff moved for judgment on the pleadings; and on March 14, 1980, the motion was granted. On February 25, 1980, 10 days after the motion was filed, Carver Plumbing and Heating, Inc., transferred all of the corporation's equipment to Empire State Leasing Company, Inc., subject to security interests in favor of a local bank. Empire State Leasing is a corporation solely owned by Carver's attorney of record. Empire was obliged under the agreement to make installment payments to the local bank on Carver Plumbing and Heating, Inc.'s indebtedness. The equipment remained with Carver, who used it to continue in the plumbing business as an individual. The money he earned went into his personal account and was used both to run the business and to pay individual creditors. No installment payments were ever made by Empire Leasing to the bank. *Held:*

1. "Where the courts have disregarded the corporate entity because the corporation is the mere alter ego or business conduit of a person, it has generally been on the idea that the corporate entity has been used as a subterfuge and to observe it would be to work an

injustice. 'To establish the alter ego doctrine it must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud.' [Cits.]" *Farmers Warehouse of Pelham v. Collins,* 220 Ga. 141, 150 (137 SE2d 619) (1964). In this case the plaintiff alleged that the corporate entity was being used in just such a manner, and there was evidence to support a finding to that effect. Accordingly, the trial court did not err in denying the defendant's motions for directed verdict and for judgment notwithstanding the verdict. Accord, *Liberty Lumber Co. v. Silas,* 181 Ga. 774 (184 SE 286) (1935); *Pace v. Merck,* 149 Ga. App. 807 (256 SE2d 73) (1979).

2. The defendant also contends on appeal that a return of execution *nulla bona* respecting the prior judgment was a condition precedent to the filing of suit against the defendant in his individual capacity. While this is generally true, it is not applicable in a case such as this, where the evidence shows that all of the corporation's assets were transferred and that an attempted execution would be fruitless. See *Emhart Corp. v. McLarty,* 226 Ga. 621 (2) (176 SE2d 698) (1970); Hatch v. Morosco Holding Co., 50 F2d 138 (2 Cir. 1931). The defendant's attorney, by letter dated March 24, 1980, informed the plaintiff not only that all of the assets had been transferred, but that the defendant had no intention of paying the indebtedness. Under the circumstances, an attempted execution was not required.

3. The defendant contends that the plaintiff failed to show that he was damaged. This contention is frivolous.

4. The defendant complains of the following portion of the court's charge: "... A judgment obtained in one of the superior courts of the state, shall bind all of the real and personal property of the defendant against whom it is obtained ...," and "... the following acts by a debtor are fraudulent against creditors and as to them null and void: A conveyance of property made with the intention to delay or defraud creditors with such intention known to the party taking. A bona fide transaction on a valuable consideration and without notice or ground for reasonable suspicion is valid. A conveyance of property, not for a valuable consideration, made by a debtor who is insolvent at the time of such transfer."

As to the first portion quoted, the defendant concedes that the principle enunciated is correct but argues that it is unrelated to the trial. We disagree. The fact that the plaintiff had obtained a previous judgment against the defendant was a prime issue in the case, as was the defendant's effort to thwart collection of the judgment. An

instruction concerning the legal effect of judgments was germane to this issue. As for the second quoted portion of the charge, the heart of the plaintiff's case was his contention that the defendant's transfer of his corporation's assets was made with the fraudulent intention of defeating the judgment. Although the plaintiff did not demand that the transfer be set aside, the charge served the purpose of setting out for the jury acts which the law deems fraudulent. Although the charge could have been better tailored to the facts of the case, the matter therein was relevant to the issues on trial and, considered with the charge as a whole, we find no error requiring reversal.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 17, 1982.

*Larry J. Barkley,* for appellant.
*C. Wade Monk,* for appellee.