## 69307. BENBOW v. WIGGIN et al.
### (326 SE2d 538)

CARLEY, Judge.

Appellant-plaintiff filed a complaint, containing the following allegations: He had been an employee of Atlanta Imported Auto Parts, Inc. (AIAP), a Georgia corporation; appellee-defendants were the sole stockholders of AIAP; the assets of AIAP had been sold by appellees on April 15, 1983, on which date appellant was owed back pay; the sale agreement contained appellees' averment to the purchaser that "there are no unpaid bills of any nature, either for inventory and merchandise or for labor on materials . . . ."; this averment had been sworn to by appellees, who "knew that statement was false when it was made, and knowingly and wilfully swore to it despite actual knowledge of its falsity . . ."; appellant had "suffered actual damages because of that false swearing, in that his efforts to collect a judgment against [AIAP] in the total amount of $1,107.33 has been impeded . . . ." Based upon these allegations, appellant sought to recover actual damages in the amount of $1,107.33, punitive damages and attorney fees "because of [appellees'] false swearing in violation of OCGA § 16-10-71."

Appellees answered, admitting that they were the sole shareholders of AIAP and that they had sold the assets of that corporation. They denied the remaining material allegations of the complaint, however, and raised numerous other defenses. Appellees subsequently moved for judgment on the pleadings, on the ground that their alleged violation of the criminal false swearing provision in connection with the sale of the corporate assets afforded appellant no private right of action. The trial court conducted a hearing and granted appellees' motion for judgment on the pleadings. Appellant appeals.

1. "To justify the grant of a judgment on the pleadings it is not sufficient that the complaint fails to state a claim on which relief can be granted, but the pleadings must affirmatively show that *no claim in fact exists*. [Cit.]" (Emphasis supplied.) *Holzman v. Nat. Bank of Ga.*, 144 Ga. App. 710 (242 SE2d 299) (1978). "[A]n action will lie against the stockholders of a corporation where they have disposed of the corporate assets and appropriated the same to their individual use thus leaving no other assets from which to pay corporate debts . . . . [A] necessary prerequisite to an action against the stockholders is the obtaining of a judgment against the corporation and the return of nulla bona on the execution." *Emhart Corp. v. McLarty*, 226 Ga. 621, 623 (2) (176 SE2d 698) (1970). If appellant's complaint is given the proper liberal construction, see *Snooty Fox, Inc. v. First American Invest. Corp.*, 144 Ga. App. 264, 265 (241 SE2d 47) (1977), all of the elements of such an action are alleged. "[T]he allegations of the [complaint] as to the judgment being obtained against the corporation to-

gether with the allegations of the prior conveyance of all the corporate property is tantamount to an allegation of an entry of nulla bona on an execution." *Emhart Corp. v. McLarty*, supra at 624. See also *Fountain v. Burke*, 160 Ga. App. 262 (287 SE2d 39) (1981). Thus, appellant's complaint does not merely allege a private right of action premised entirely upon the violation of OCGA § 16-10-71. It states a cognizable civil claim for the fraudulent transfer of corporate assets, see *Carver v. Battey Machinery Co.*, 161 Ga. App. 315 (291 SE2d 63) (1982), which fraudulent transfer was, under the specific circumstances, accomplished by appellees' violation of the criminal law regarding false swearing.

"[T]he averments in the complaint [do not] disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. [Cit.]" *Snooty Fox, Inc. v. First American Invest. Corp.*, supra at 265. Accordingly, the trial court erred in granting appellee's motion for judgment on the pleadings.

2. Remaining enumerations of error are moot in view of Division 1 of this opinion.

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 22, 1985.

*Joseph H. King, Jr.*, for appellant.
*Thomas W. Tobin*, for appellees.