## EPPS *ss*. DEAN.

1. If the testator makes a deed to the property which he has bequeathed by his will, the act amounts to a revocation of the will, and it may be pleaded in bar to the probate of the will.

Caveat to will, in Harris superior court. Tried before Judge WORRILL, April Term, 1859.

A writing, purporting to be the last will and testament of Elizabeth Holcomb, deceased, was propounded for probate in the court of ordinary of Harris county; and a caveat to the same was filed by Seaborn L. Dean, the son, and heir at law, of deceased, upon the grounds—

1st. That said paper writing, purporting to be the last will and testament of Elizabeth Holcomb, deceased, if signed by her, was subsequently revoked.

2d. That said will was procured by undue influence.

3rd. That the deceased was of unsound mind and memory at the time of executing the paper.

4th. That deceased was ignorant of the contents of said alleged will.

The ordinary pronounced in favor of the propounder, and ordered said paper to record and probate as the last will and testament of Elizabeth Holcomb, deceased, from which judgment caveator appealed.

The cause coming on for trial on the appeal at the April term, 1859, of Harris superior court, propounder proved the due execution of the will, by the subscribing witnesses thereto, and that deceased was of sound mind at the time. He then offered and read in evidence, the will dated 1st October, 1853, and closed.

Caveator then, amongst other things, offered and read in evidence four deeds, executed by deceased after the

execution of the paper propounded as her will, in and by which deeds, she, for and in consideration of natural love and affection, conveyed the same property contained and mentioned in the alleged will, to others.

The testimony being closed, after argument, the presiding judge, among other things, charged the jury, that if the proof showed that deceased, after the execution of the paper propounded as her will, executed deeds conveying all the property mentioned in or disposed of by it, the same amounted to an entire revocation of said will, and they should find for the caveator; and if the proof showed that she had conveyed by said deeds only a part of the property disposed of in and by said will, that amounted to a revocation *pro tanto*, and to that extent they should find for the caveator; and as respects the remainder of the will they should find for the propounder.

To which charge counsel for propounder excepted.

The jury found for the caveator generally; whereupon counsel for propounder tendered their bill of exceptions, and assigned for error,

1st. That the court erred in charging the jury as above stated.

2d. Because the verdict was contrary to law and evidence.

3rd. Because the verdict was contrary to the charge of the court, "that if they, the jury, should find that said will was revoked in whole or in part by said deeds, their verdict should ascertain and state what part, to what extent, and whether a whole or a part had been revoked, according as they should find, on a comparison whether any or all of the property named in the will, was or was not the same as that named in and conveyed by the deeds."

Mobly, Thomas, and Dougherty, for plaintiff in error.

Ramsey & Caruthers, *contra*.

Tucker vs. Davidson.

*By the Court.*—BENNING, J., delivering the opinion.

There can be no doubt, that if a testator makes a deed for the property which he has bequeathed by his will, the act amounts to a revocation of the will. Why, then, should not such an act be pleadable in the court of ordinary as a bar to the establishment of the will? An appeal to the superior court, and to a jury, will lie from the decision of the court of ordinary. Similar matters are pleadable in the court of ordinary; as the execution of a later will; the execution of a naked revocation; the cancellation of the will; the marriage of the testator, or his having a child subsequently to the making of the will. (Cobb 347.) The case of Finch vs. Finch, was a case in which the matter pleaded in bar to the establishment of the will, was an agreement made by the legatees among themselves. No act of theirs could revoke the will.

1. For aught that we can see, then, the charge of the court below was right.

We see nothing to justify disturbing the verdict.

Judgment affirmed.