212 *JESSE BREWER, administrator, plaintiff in error, v. WILEY BAXTER et al., defendants in error.

(Atlanta, June Term, 1870.)

CONSTRUCTION OF INSTRUMENT—WHETHER DEED OR WILL—WILL.*—An instrument in writing executed by B., in the form of a deed, was offered in evidence as a deed, which was objected

*CONSTRUCTION OF INSTRUMENT—WHETHER DEED ·OR WILL.—A paper in form a warranty deed and executed as such is not testamentary in character, notwithstanding it contains a clause in the following language: "To have and to hold the above described premises to the said Bryant P. Wynn of the second part, his heirs and assigns, to be his at my death and the death of my wife, Elizabeth Wynn." Wynn v. Wynn, 112 Ga. 214, 37 S. E. Rep. 378. In this case, the court said: "The record in this case presents a single question for decision: Is the paper therein contained a deed or will? While the question is single, it is by no means simple. The paper was in

to on the ground, that no present interest in the property was conveyed by it, and it was therefore a testamentary paper and not a deed. The instrument contains the following words: "I give and devise unto them (his three sons) and their heirs, the following property, all my estate, both real and personal, consisting of lands, money and evidence of debt, horses, cattle, hogs and all other stock of all descriptions that I may die possessed of, to them and their heirs," etc.:

*Held,* That this was a testamentary paper and not a deed; that no present interest in the property was conveyed under it, but only such of the described property as the maker of the instrument should die possessed of was conveyed by it. If he was possessed of all the property mentioned in the instrument at the time of his death, then it would have passed under it if legally executed, but if he was not possessed of all, or any of the described property at the time of his death, then none of it would have been conveyed to his three sons. The instrument conveys only such of the described property as the maker thereof "may die possessed of." No present interest in the property was conveyed to the sons, and until the death of the maker of the instrument, no one could know what portion of the property described therein he would die possessed of; consequently, the instrument conveyed only such portion of the described property as he might be possessed of at the time of his death, and is in law a testamentary disposition of the property, to take effect at the death of the maker of the instrument.

Construction of Contracts. Wills. Before Judge Schley. Liberty Superior Court. October Term, 1870.

Brewer, as administrator of Stephen Baxter, sued Wiley, John and Stephen Baxter, sons of his intestate, averring that they had taken possession of certain specified personal property belonging to intestate, and refused to deliver possession thereof to him. The death of Stephen Baxter, that Brewer was his administrator, that said personal property had been intestate's, and was in possession of defendants when this suit was begun, were shown.

One of the defendants testified that intestate, in his lifetime, delivered to him the paper hereinafter described, and

form, except as hereinafter alluded to, a warranty deed, and was executed in the presence of two witnesses, one of whom was a justice of the peace. The only language in the instrument which would not ordinarily be found in a warranty deed was that quoted in the headnote. There have been many cases before this court in which the question to be determined was whether the paper under consideration was a deed or will. In the following cases the instruments, though having some of the characteristics of a deed, have been held to be testamentary in character: Hester *v.* Young, 2 Ga. 31; Mallery *v.* Dudley, 4 Ga. 52; Cravy *v.* Rawlins, 8 Ga. 450; Symmes *v.* Arnold, 10 Ga. 506; Johnson *v.* Yancey, 20 Ga. 707; Brewer *v.* Baxter, 41 Ga. 212; Arnold *v.* Arnold, 62 Ga. 628; Sperber *v.* Balster, 66 Ga. 317; Blackstock *v.* Mitchell, 67 Ga. 768; Johnson *v.* Sirmans, 69 Ga. 617; Ward *v.* Campbell, 73 Ga. 97; Barnes *v.* Stephens, 107 Ga. 436, 33 S. E. Rep. 399. In the following cases the papers were declared to be deeds: Moye *v.* Kittrell, 29 Ga. 677; Johnson *v.* Hines, 31 Ga. 720; Daniel *v.* Veal, 32 Ga. 589; Dismukes *v.* Parrott, 56 Ga. 513; Williams *v.* Tolbert, 66 Ga. 127; Youngblood *v.* Youngblood, 74 Ga. 614; White *v.* Hopkins, 80 Ga. 154, 4 S. E. Rep. 863; Seals *v.* Pierce, 83 Ga. 787, 10 S. E. Rep. 589; Worley *v.* Daniel, 90 Ga. 650, 16 S. E. Rep. 938; Owen *v.* Smith, 91 Ga. 564, 18 S. E. Rep. 527; Goff *v* Davenport, 96 Ga. 423, 23 S. E. Rep. 395; Guthrie *v.* Guthrie, 105 Ga. 86, 31 S. E. Rep. 40; Gay *v.* Gay, 108 Ga. 739, 32 S. E. Rep. 846."

told him to take care of it, and to take possession after his *death of all he left, and to divide the same between himself and the other defendants. Defendants' counsel then tendered in evidence a paper in the following words:

"State of Georgia, Liberty County:

"Know all men by these presents, that I, Stephen Baxter, of the State of Georgia, and county aforesaid, for and in consideration of the good will and affection which I have and do bear to my three children, to-wit: Wiley Baxter, John Baxter and Stephen Baxter, my sons aforesaid, I do hereby give and devise unto them, the said Wiley Baxter of the county of Tattnall, and John Baxter of the county of Wayne, and Stephen Baxter of the County of Liberty. I give unto them and their heirs the following property equally between them; the said Wiley, John and Stephen Baxter, and their heirs, all my estate, both real and personal, consisting of lands, money and evidences of debt, horses, cattle, hogs and all the other stock of all descriptions that I may die possessed of, to them and their heirs equally, to have the same unmolested to their own proper use and benefit forever, in fee simple. And I, the said Stephen Baxter, will warrant and defend the right and title of the same unto them, the said Wiley, John and Stephen Baxter, and their heirs, executors, administrators and assigns.

"In testimony whereof, I, the said Stephen Baxter, have hereunto set my hand and seal, this the sixteenth day of September, 1863.

his

STEPHEN X BAXTER."

mark

Signed, sealed and delivered in presence of
　　D. F. Sullivan,
　　H. C. Parker, J. P.

This paper had been recorded on the deed books of Liberty county, on the 18th of September, 1863. Plaintiff's counsel objected to this paper upon the ground that it was not a deed but a will, and had never been probated. The objection was overruled and the paper was read in evidence. *The jury found for the defendants. Plaintiff's counsel moved for a new trial, upon the ground that the Court erred in admitting said paper in evidence. The Court refused a new trial, and that is assigned as error.

J. M. Farmer; by William B. Gaulden, for plaintiff in error.

A. H. Smith, by Julian Hartridge, for defendants, said intestate intended said paper as a deed, and cited 17th Ga. R., 234, 267; 29th, 680; 22d, 460, 472; 13th, 515.

WARNER, J.

The only question presented on the argument of this case is, whether the paper writing set forth in the record is a deed or testamentary paper. The Court below held it to be a deed, and that is assigned for error here. A paper having the formalities of a deed may, notwithstanding, be a will. In determining whether an instrument be a deed or a will, the Court will not consider what the maker believed it to be, but what, in point of law, it is. The intention of the maker as to the character of the estate conveyed, is the criterion by which the Court will determine whether a given paper is a deed or a will, and if the intention gathered from the whole paper is, that the estate is not to pass, or the instrument to take effect until his death, it is a will and not a deed. Hester v. Young, 2d Kelldy's Reports, 31. The paper writing set forth in the record, conveys only such of the described property as the maker thereof "may die possessed of;" no present interest in the property was conveyed to the three sons, and until the death of the maker of the instrument, no one could know what portion of the property described therein he would die possessed of. Consequently, the instrument conveyed only such portion of the described property as he might be possessed of at the time of his death, and is, in law, a testamentary disposition of the property, to take effect at the death of the maker of the instrument, and if legally executed, may be proved as such in the proper Court.

Let the judgment of the Court below be reversed.