34951. CUMMINGS *v.* CUMMINGS, Executor.

DECIDED JANUARY 20, 1954.

*Erle M. Donalson,* for plaintiff in error.
*Julian Webb,* contra.
GARDNER, P. J. 1. It is the cardinal and fundamental rule

that in construing contracts the entire writing is to be taken into consideration to ascertain the intent of the parties and, if the same can be ascertained, that intention should govern. *Bridges v. Home Guano Co.*, 33 *Ga. App.* 305, 309 (125 S. E. 872), and cit. The court, in its decision of the law of this case, evidently followed and applied this principle, which is correct and was applicable. The court did not err in finding for the plaintiff because the court did not apply the principle that the exhibit attached to the contract dealt with was also the last portion thereof and should prevail. The defendant contends that this was the cardinal rule involved under the facts and the decision of *Whitney* v. *Hagan*, 65 *Ga. App.* 849 (16 S. E. 2d 779), applied to the facts here.

2. After having executed a will, it is the right of the maker to cancel and revoke the same, and this may be done at any time prior to death. Code § 113-401. Section 113-402 provides that such revocation may be either express or implied. An express revocation is effected when the maker by writing annuls the instrument. An implied revocation results from the execution of a subsequent will inconsistent with the former. The former will is in effect and until the actual revocation by the subsequent will, and hence, if the revocation fails or is not effective, the former will prevails. Where the maker makes a different disposition of certain personal property bequeathed by the later will, this constitutes a revocation of the item as to this property in the former will. See *Epps* v. *Dean*, 28 *Ga.* 533; *Worrill* v. *Gill*, 46 *Ga.* 483, 484. If the alleged will of 1946 bequeathed the ring in dispute to the son of the testatrix, the defendant, and she subsequently otherwise disposed of the ring, this bequest was canceled and revoked. This is so because a will does not take effect and is not binding until the death of the maker. Code §§ 113-101, 113-102; *Johnson* v. *Yancey*, 20 *Ga.* 707 (65 Am. D. 646); *Brewer* v. *Baxter*, 41 *Ga.* 212 (5 Am. R. 530); *Arnold* v. *Arnold*, 62 *Ga.* 628, 629. A will shall take effect only upon the death of the maker, however long the probate. Code § 113-105. The maker may make any disposition of his property he may desire not inconsistent with or contrary to the laws and policy of the State. But there is a limitation on charitable bequests and devises and perpetuities, with which we are

not concerned. See Code §§ 113-107 and 85-707. If the testatrix gave this ring to her son by the will of 1946, she could revoke this bequest either by conveying the ring and giving it to another prior to her death, so that the ring did not remain a part of her estate when she died, or she could revoke this bequest in the will or revoke the entire will. This is elemental. If this testatrix in 1949, after the execution of the will of 1946, took a pen and obliterated the pertinent and material parts thereof, canceling the same and expressing her intention in this respect, naming the plaintiff as executor of this will of 1949, then the 1946 will was no longer effective, and when she died was just so much paper.

It is not necessary that the executor have possession of this ring after the death of the testatrix in order to maintain an action in trover therefor. The executor is entitled to collect the assets of the estate he represents, to pay the legacies as well as to take care of the expenses of administration and the unpaid debts thereof. If the court was authorized to find that this existed and that the alleged stipulation agreement was not properly signed—being signed by only four of the six heirs or legatees and not by the defendant himself—it would not be an effective instrument. Besides, to give to this will of 1949 the proper construction, see the first division of this opinion. The defendant had no rights thereunder, and it was proper where the facts were undisputed and the law was in favor of the executor, to direct a verdict for the plaintiff executor in the trover action and to direct that the defendant deliver to him the personalty involved.

3. There is no merit in the contention that the court erred in refusing to reopen the case to permit the defendant's counsel to further cross-examine the plaintiff executor as to the expenses of administration and payment of the debts of the estate, it appearing that he had properly testified that the expenses of administration were unpaid, and that there were yet due debts by the estate, the motion to reopen being based on the ground that the defendant was hard of hearing and did not understand the testimony of the executor, even though he had so informed the judge at the institution of this trial.

There being no issue of fact as to the controlling issues in the case, it was proper for the court to cut this litigation short and

direct a verdict for the plaintiff executor and to direct that the defendant deliver this emerald and diamond ring in his possession to such executor.

The court did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*