## 58204. INDIAN TRAIL VILLAGE, INC. v. SMITH.

SMITH, Judge.

Appellant brought this action seeking damages for appellee's failure to build a sewage treatment facility as required by one of the provisions of a contract for the sale of real estate.[1] Appellee defended the suit on the ground that a second contract entered into by the parties released appellee from his obligation. The trial court ruled that the second contract was ambiguous on the question of release and called upon the jury to answer the following question: "[D]id Indian Trail Village, Inc., and Mr. Smith, by the [second] contract . . . , agree that Mr. Smith would remain responsible for his failure to provide sewage treatment fa-

---

[1] Initially, it should be noted, appellee contended that the contract for the sale of real estate did not obligate him to build a sewage treatment facility. See *Indian Trail*

cilities as required by the earlier [i.e., first] contract. . .?" The jury responded in the negative and judgment was entered in favor of appellee. Appellant's primary assertion on appeal is that, as a matter of law, the second contract did not operate as a release. Since appellee was otherwise obligated to construct a sewage treatment facility, appellant argues that the trial court erred in denying appellant's motions for directed verdict and judgment notwithstanding the verdict. We agree with appellant's contentions and reverse the judgment.

1. The second contract contains both a specific reservation of rights clause and a general merger provision. Paragraph (3) of the agreement states: "Indian Trail Village, Inc., assumes no obligations or liabilities of W. Sam Smith of any kind whatsoever, whether or not relating to the contracts, bond, permits or easements referred to above. Indian Trail Village, Inc.'s execution of this Agreement is not a release of W. Sam Smith from any of his contractual obligations to Indian Trail Village, Inc., or to Samuel G. Friedman, Jr. or Gilbert R. Addicks." Paragraph (5), entitled "General Provisions," contains the following language: "(b) This Agreement constitutes the entire Agreement between the parties pertaining to its subject matter and supersedes all prior and contemporaneous agreements and understandings of the parties in connection therewith. No covenant or condition not expressed in this Agreement shall effect or be effected to interpret, change or restrict this Agreement . . ." We cannot agree with the trial court's determination that Paragraphs (3) and (5) create such an ambiguity with respect to the question of release so as to require resolution by a jury. In our judgment, whatever ambiguity exists in the contract can be resolved by resort to the applicable rules of construction. "Construction of

*Village, Inc. v. Smith,* 139 Ga. App. 691 (229 SE2d 508) (1976). However, the trial court ruled that the contract did impose such an obligation. In as much as appellee did not cross appeal this ruling, any assertion that the contract did not obligate appellee to construct a sewage treatment facility must be deemed abandoned. *Bryant v. Anderson,* 5 Ga. App. 517 (63 SE 638) (1909).

ambiguous written contracts is a matter for the court, and no jury question is raised unless after application of all applicable rules of construction the ambiguity remains." *Farm Supply Co. of Albany v. Cook,* 116 Ga. App. 814 (1) (159 SE2d 128) (1967); *Chalkley v. Ward,* 119 Ga. App. 227, 235 (166 SE2d 748) (1969).

2. Applying the rules of construction, we are drawn to the conclusion that the second contract is not a release of appellee's obligation to construct a sewage treatment facility. "The cardinal rule of construction is to ascertain the intentions of the parties . . ." Code § 20-702. "[I]n construing contracts the entire writing is to be taken into consideration to ascertain the intent of the parties and, if the same can be ascertained, that intention should govern . . ." *Cummings v. Cummings,* 89 Ga. App. 529, 532 (80 SE2d 204) (1965). In the case at bar, it is clear that a reservation of rights clause would not have been included in the second contract if the second contract had been intended to release appellee from his existing contractual obligations. "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." Code § 20-704 (4); *Holcomb v. Word,* 239 Ga. 847, 848 (238 SE2d 915) (1977). Our construction gives effect to both the reservation of rights clause and the merger provision. Under Paragraph (5) (b), the contract as written is the entire agreement between the parties pertaining to its subject matter and supersedes all prior and contemporaneous agreements. Paragraph (3) is a part of the contract and cannot be disregarded.

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED JULY 10, 1979 — DECIDED NOVEMBER 14, 1979 —

*William C. Humphreys, Jr., Peter Q. Bassett, Sarah K. Walls,* for appellant.

*Robert E. Corry, Jr., Kent Stair,* for appellee.