## 59996. GRIFFIN v. BARRETT.

SOGNIER, Judge.

The parties in this case entered into a separation agreement pursuant to their 1969 divorce which provided: "For such period as the party of the second part (Griffin) has the legal custody and possession of the children, the party of the first part (Barrett) agrees to pay a sum equal to 25 per cent of his monthly net take-home pay for the support and maintenance of said children . . . should party of the second part remarry, party of the first part will pay 25 per cent of his

monthly net take-home pay for the support and maintenance of said children while they are within the legal custody and control of the party of the second part, but while said children are within the legal custody and control of the party of the first part, he shall be under no obligation to pay any child support to the party of the second part." The agreement also provided for Barrett to have custody of the minor children during certain months each year.

Griffin remarried and thereafter the parties modified the agreement regarding child support. The modified agreement provided: ". . . the Second Party (Barrett) will pay to the First Party (Griffin) for the use and benefit of said minor children as permanent child support the total sum of $200.00 per month or $100.00 per child per month commencing with the month immediately following the Court's order of modification . . ." Additionally, the second agreement provided: "The prior agreement of the parties as approved by the Court relating to the computation of child support by a percentage of income shall be deemed null and void . . ."

In his order modifying the original agreement, the trial court stated: "The original Decree incorporating the Agreement between the parties is hereby modified . . . and all terms of the original Decree in conflict therewith are henceforth deemed null and void. All other terms of the original Decree not in conflict herewith shall remain in full force and effect."

Relying on the modified agreement, Griffin demanded payment of child support for the months that the minor children were in Barrett's custody. Upon refusal of Barrett to pay said support, Griffin filed a complaint for declaratory relief seeking to have the trial court settle the controversy. It is undisputed that the issue of payments to Griffin when Barrett had custody of the children was not discussed between the parties or their attorneys prior to the execution of the modified agreement. The trial court awarded judgment to Barrett construing the contract so as not to require payment of child support when he had custody of the minor children. We affirm.

The express terms of the original agreement provide for an exemption from support payments while the children were in Barrett's legal custody. The modified agreement does not expressly alter this provision. Rather, the modified agreement revises the original agreement only with regard to the computation of the monthly support payments. Under the rules of contract construction, a limited or specific provision will prevail over one that is more broadly inclusive. *Broome v. Allstate Ins. Co.,* 144 Ga. App. 318, 319 (241 SE2d 34) (1977). Thus, we find no conflict between the original and modified agreements which would make the provisions of the

original agreement abating child support during specific months null and void.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 2, 1980 — DECIDED SEPTEMBER 2, 1980.

*David N. Rainwater,* for appellant.
*Wilby C. Coleman,* for appellee.