68640. HEARN v. OLD DOMINION FREIGHT LINES.
(324 SE2d 517)

SOGNIER, Judge.

Old Dominion Freight Lines brought suit on contract against R. D. Hearn, Jr. for sums allegedly due for cargo losses caused by theft. Hearn answered and counterclaimed for lost profits. The trial court granted summary judgment in favor of Old Dominion on both the main action and Hearn's counterclaim. Hearn appeals.

1. Appellant contends the trial court erred by holding him liable for the cargo losses under the contract. Appellant argues a conflict exists between two provisions of the contract and in view of the ambiguity in the contract, the trial court erroneously granted summary judgment to appellee. One provision states that "[appellee] will furnish rating, insurance and will handle all collections." The allegedly

conflicting provision states that "[appellant] will be personally liable for loss or damage to all shipments moving under his direction other than those covered by public liability insurance." It is uncontroverted that the cargo losses here, being the result of theft, are not covered by public liability insurance.

We agree with the trial court that the contract is not ambiguous. The existence or nonexistence of an ambiguity in a contract is a question of law for the court. *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (a) (258 SE2d 175) (1979). Where the court determines that a contract is not ambiguous or that any ambiguity can be resolved within the four corners of the instrument by utilizing the applicable rules of construction, there is no question of fact for the jury. See *Indian Trail Village v. Smith*, 152 Ga. App. 301, 302-303 (262 SE2d 581) (1979). Appellant argues that because some of the insurance appellee purchased pursuant to the contract could have been used to cover part of the cargo losses in question, he is therefore absolved under the contract from all liability for those losses. However, there are no terms in the entire contract executed by appellant which make an exception to the liability appellant assumed for cargo loss or which require appellee to apply its insurance to the cargo losses here. " 'The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part.' [Cits.]" *Indian Trail Village*, supra at 303. Furthermore, under another rule of contract construction, a limited or specific provision will prevail over one that is more broadly inclusive. *Griffin v. Barrett*, 155 Ga. App. 509, 510 (271 SE2d 647) (1980). Thus the contract language specifically making appellant liable for all cargo loss not covered by public liability insurance prevails over the general language of the contract requiring appellee to purchase unspecified insurance.

In the absence of any questions of material fact for the jury, we find no error in the trial court's grant of summary judgment to appellee.

2. We find no error in the trial court's grant of summary judgment to appellee on appellant's counterclaim of $30,000 for lost profits. Although appellant asserted in interrogatories that that sum was based on revenue he had received during the beginning of the contract, appellant failed to produce any evidence to establish the amount of income derived during any one of the three years he operated under the contract and appellant admitted during deposition that he had arbitrarily picked the $30,000 figure as being "about what it fell . . . ." When appellee made its motion for summary judgment, it was appellant's duty as adverse party to present his case in full and to set forth specific facts showing a genuine issue for trial. *Hip Pocket, Inc. v. Levi Strauss & Co.*, 144 Ga. App. 792, 793 (2) (242 SE2d

305) (1978). Since there is nothing in the record to indicate the extent of appellant's alleged damages for lost profits other than appellant's speculation as to the amount, appellant's counterclaim for damages was remote and speculative, and the trial court properly granted summary judgment to appellee. Id. at 794.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 20, 1984.

*Robert C. Shearouse*, for appellant.
*C. James McCallar, Jr., H. Joseph Chandler, Jr.*, for appellee.