### 77231. HOLTZCLAW v. CITY OF DALTON.
(377 SE2d 196)

McMURRAY, Presiding Judge.

Plaintiff Holtzclaw filed this declaratory judgment action against defendant City of Dalton. The controversy between these parties centers on guaranty agreements executed by plaintiff for the purpose of inducing defendant to furnish utility services to Value Finishing, Inc., a carpet finishing business of which plaintiff is the sole shareholder.

The most recent of the guaranty agreements, dated October 13, 1986, begins with the following two paragraphs: "IN CONSIDERATION of the sum of One ($1.00) Dollar and other valuable considerations, receipt and sufficiency whereof is acknowledged, and for the purpose of inducing THE CITY OF DALTON, acting by and through its Board of Water, Light and Sinking Fund Commissioners, (herein termed City), to furnish utility services and extend credit therefor to Value Finishing (herein termed Principal), at premises known as 3540 Corporate Dr, Terrell Holtzclaw, (herein termed Undersigned), and each of them, jointly and severally, bind themselves and agree to pay to City, its successors and assigns, any indebtedness or obligations incurred by Principal for the furnishing of such services; and, if any such indebtedness or obligations are not paid, when due, by the Principal, the Undersigned will immediately pay the same upon demand.

"The obligations covered by this agreement include all obligations express or implied and whether or not in writing of the Principal to pay money to the City for utility services furnished, whether now existing or hereafter coming into existence, and any extensions, in whole or in part, of any of the same, together with all damages, losses, costs, interests, charges and expenses of every kind, nature and description suffered or incurred by the City arising in any manner out of or in any way connected with, said indebtedness of the Principal to the City."

A second guaranty dated November 11, 1985, used the same preprinted form and was identical to that set forth above, except that the premises of Value Finishing, Inc., was set forth as "2018 S. Hamilton St., Section H, Dalton, Ga."

Defendant gave notice to plaintiff that the account of Value Finishing, Inc., was in arrears and demanded payment pursuant to the guarantee. Plaintiff filed this action alleging that he was not indebted to defendant under the guaranty agreements.

Defendant, relying upon the language contained in the second paragraph of the contracts, contends that plaintiff is liable for *all* obligations of Value Finishing, Inc., to pay money to defendant for utility services. Plaintiff contends that the first and second paragraphs of the contract are in conflict. Plaintiff reads the first paragraph as providing a guaranty of payment for utilities provided at the named premises.

The superior court found that "[t]he first paragraph deals with the consideration provided for the contract, while the second paragraph defines the extent of the obligation undertaken by the Plaintiff." Based on its holding that plaintiff had guaranteed any and all utility obligations of Value Finishing, Inc., the superior court granted defendant's motion for summary judgment. Plaintiff appeals, enumerating as error the superior court's construction of the guaranty agree-

ment. *Held*:

As we find error in the superior court's construction of the guaranty agreement, we must reverse. The first paragraph of the contract clearly sets forth the consideration provided by plaintiff, a promise "to pay to [defendant] . . . any indebtedness or obligations incurred by [Value Finishing, Inc.] for the furnishing of *such* services . . ." (Emphasis supplied.) The word "such" modifying the word "services" can only be viewed as a reference to the services induced by the contract, that is, the utility services provided to the premises stated in the contract. Thus, the first paragraph of the guaranty agreement obligates plaintiff only in regard to utilities provided at the listed premises.

A limited or specific provision of a contract will prevail over one that is more broadly inclusive. *Hearn v. Old Dominion Freight Lines*, 172 Ga. App. 658 (1), 659 (324 SE2d 517). "Further, we note that the law in Georgia remains that the first of two contradictory contract clauses will prevail." *Joseph Camacho Assoc. v. Millard*, 169 Ga. App. 937, 938 (1a) (315 SE2d 478). Thus, the contract language making plaintiff liable for the utilities at the listed premises prevails over language providing that plaintiff must pay any and all obligations of Value Finishing, Inc., to defendant for utility services.

We note that our reading of the contract does not render meaningless the second paragraph or any portion of the remainder of the guaranty agreements. The second paragraph must be read as relating to time, rather than location.

The evidence shows that payment for utilities was current at the premises listed in the guaranty agreements of October 13, 1986, and November 11, 1985. There was an outstanding balance of charges for utility services furnished by defendant to Value Finishing, Inc., at 1009 Ellis Street. Also, there was a third guaranty agreement dated October 10, 1979 (using a different form than the later agreements), whereby plaintiff agreed to be responsible for gas furnished to heat the building at the Ellis Street location. However, there was no evidence that any of Value Finishing, Inc.'s outstanding balance at Ellis Street consisted of gas for heating the building. It follows that genuine issues of material fact remain as to the existence and amount of any indebtedness of plaintiff to defendant. The superior court erred in granting a summary judgment in favor of defendant and against plaintiff.

*Judgment reversed. Pope and Sognier, JJ., concur.*

DECIDED DECEMBER 2, 1988 —
REHEARING DENIED DECEMBER 16, 1988 —

*Mitchell, Coppedge, Wester, Bisson & Miller, James H. Bisson III*, for appellant.
*Carlton C. McCamy, R. Kevin Silvey*, for appellee.