A94A0355. GOLD KIST, INC. v. WILSON et al.
(444 SE2d 338)

BIRDSONG, Presiding Judge.

Gold Kist, Inc., a non-profit agricultural cooperative under Georgia Cooperative Marketing Act (OCGA § 2-10-80 et seq.), appeals from the grant of summary judgment on liability to Renade Wilson, Alfred Thomas, Ned Hendrix, F. L. Murray, Jr., R. Neil Hampton, David Moody, Donald Morrison, James Crews, Melvin Wilson, Winton Wilson, Kenny Crews, H. J. Murray, and Jimmy Thomas, members of the cooperative and producers of eggs or pullets, on their claims against Gold Kist. Gold Kist and appellees were engaged in an enterprise to produce table eggs for sale.

Under their agreements, Gold Kist provided appellees with chicks or pullets, feeds, vaccines, medicines, disinfectants and other supplies. Gold Kist maintains that these items were provided at no cost, but appellees contend their contracts with Gold Kist provided that charges for these items were to be offset against the money due from Gold Kist on the sale of their eggs or pullets. Appellees, in return, provided proper facilities and labor to raise the chickens or produce the eggs. Appellees were paid weekly advances and at the end of the year also received allocations and distributions from Gold Kist's profits.

The parties apparently operated without significant dispute until 1989 when Gold Kist sold to a private concern the egg producing facility to which appellees supplied chickens or eggs and assigned the production agreements with appellees to the private company. As a result of these assignments, Gold Kist received about $400,000 from the private concern. Following the assignment of the contracts, most appellees resigned from Gold Kist and received reduced payments of their equity accounts in the cooperative.

Subsequently, appellees sued Gold Kist for breach of oral contracts and for fraud based upon alleged misrepresentations by Gold Kist's representatives that Gold Kist would remain in the egg business indefinitely or until appellees were debt free; for the full amount of their equity in Gold Kist; for the amount of equity they would have received if Gold Kist had not left the egg business; for breach of Crews' production agreement (individual claim); for reimbursement for unnecessary equipment by Meeks; and for failure to return the proceeds from the sale of eggs or pullets.

The dispute between the parties centers on appellees' entitle-

ments under the Gold Kist membership agreement and the production agreements and whether it was the practice of the parties to deviate from the agreements.

The parties moved for partial summary judgment. The trial court denied Gold Kist's motion but granted appellees' motion. The trial court's order stated: "Plaintiffs are entitled to recover from defendants an amount equal to the gross proceeds of the sale of pullets, eggs and/or spent hens (as may be applicable to each plaintiff) less any advances and proper charges against each plaintiff as may be authorized by the contracts entered into between each of the plaintiffs and the defendant." The trial court then ordered the defendant to "file within thirty days from the date this order is filed, a complete accounting for each plaintiff, including therein an itemization of the gross sale amount for pullets, eggs, and/or spent hens (as may be applicable) and all advances, feed charges, supplies, medications, and any other relevant and permissible charges as may be authorized by said contracts."

Gold Kist asserts that appellees are not entitled to the profits made from the sale of eggs or chickens, or to an accounting, that an alleged oral promise to "stay in business" is neither enforceable nor admissible, that appellees are not entitled to the full amount of their notified equity, that appellees are not entitled to receive equity allocations for the time after Gold Kist sold its egg and pullet operations, that Gold Kist did not breach its contract with appellee James Crews, and that appellee F. L. Murray, Jr., as a matter of law, fails to state a claim against Gold Kist. *Held*:

1. The first enumeration of error contends the trial court erred by granting partial summary judgment to appellees on their claim under Count 8 of the complaint. Gold Kist argues that, as a matter of law, appellees are not entitled to all the profits made from the sale of the eggs, pullets, or spent hens because appellees' claims to the proceeds from the sale of these items are barred by the cooperative's membership agreement, its by-laws, and by the production agreements between the parties; the claims are barred because of the course of dealing between the parties; and appellees' claims are barred by the statute of limitation.

Review of the sale and production agreements between the parties show that they are internally ambiguous and are also ambiguous when read in conjunction with the Gold Kist membership agreement and Gold Kist's by-laws. See *Walton v. Datry*, 185 Ga. App. 88, 94 (363 SE2d 295). In particular, the production agreements in several places state that Gold Kist will market the products for the producers, yet in other places provide that Gold Kist will take title to the products. Further, the method of payment to the producers provided in the production agreements appear inconsistent with the statements

in the production agreements that the products will be marketed for the producers. Although perhaps implicitly resolving these ambiguities, the trial court's order does not state how the contracts were construed to eliminate the ambiguities, and, more significantly, based upon the agreements and the evidence in record, it does not appear that these ambiguities can be resolved without consideration of evidence by a factfinder. See OCGA §§ 13-2-1; 13-2-2; 13-2-3; *Holtzclaw v. City of Dalton*, 189 Ga. App. 650, 652 (377 SE2d 196). Under the evidence of record, we find, therefore, that issues of fact remain on whether Gold Kist is liable, and if so to what extent, under the production agreements, the membership agreements, and Gold Kist's bylaws. Further, while it appears that the statute of limitation may bar some of appellees' claims, this issue cannot be determined at this point as a matter of law because of the factual differences between the claims, the confidential relationship between the parties, and the allegations of fraud. Accordingly, as issues of fact remain and as it cannot be said that appellees are entitled to judgment as a matter of law (see OCGA § 9-11-56 (c)), the trial court erred by granting summary judgment to appellees on this claim. For the same reasons, we do not find that the trial court erred by denying summary judgment to Gold Kist on this issue.

2. The remaining enumerations of error contend the trial court erred by denying Gold Kist's motion for summary judgment on various other counts of appellees' complaint. In general, the issues concern the enforceability of oral promises, claims of fraud, and appellees' entitlement to distribution of equity under the agreements which governed their relationships with Gold Kist as members of the cooperative and as producers. Because of the ambiguities within and among these agreements as discussed in Division 1, we cannot conclude that the trial court erred by denying Gold Kist's motion for summary judgment on these claims. Moreover, although claims concerning oral contracts are frequently resolved by summary judgment because of OCGA § 13-5-30, in this case the production agreements between Gold Kist and the producers required the producers to take the counsel and advice of Gold Kist's representatives, the allegations of reliance on the oral promises and the part-performance by the producers (OCGA § 13-5-31), and, in view of the relationship between Gold Kist as an agricultural cooperative and its members, a confidential relationship plainly existed between the parties to this litigation which might entitle the members to rely on representations made by Gold Kist on which plaintiffs in other circumstances could not rely. Additionally, we cannot say as a matter of law that the provisions in the various agreements governing the relationships of the parties clearly allowed for retention of the total notified equity of the members and yet permitted without remedy the termination of the rela-

tionship of the members of the cooperative as producers. Therefore, as issues of fact remain on these issues, Gold Kist has not met its burden under OCGA § 9-11-56 (c) and *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474), we do not find that the trial court erred, as a matter of law, in denying Gold Kist's motion for partial summary judgment on these claims.

*Judgment affirmed in part and reversed in part. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 18, 1994 —
RECONSIDERATION DENIED MAY 9, 1994 — 

*Alston & Bird, Jay D. Bennett, Richard R. Hays, David M. Maxwell, Jennifer L. Hays*, for appellant.

*Gibson & Jackson, Douglas L. Gibson*, for appellees.