58656. TAB SALES, INC. v. D & D DISTRIBUTORS, INC.

SOGNIER, Judge.

Tab Sales, Inc. appeals an order of the State Court of DeKalb County denying Tab's motion to vacate and set aside the judgment rendered by the trial court in favor of D & D Distributors, Inc.

Appellant failed to appear on the date of trial published in the court calendar, and plaintiff obtained a judgment on October 12, 1977. On February 28, 1978 appellant filed a motion to vacate and set aside the judgment; the motion, in effect, was the same as appellant's answer, alleging that there was no basis for appellee's claim and the court had no jurisdiction to direct a verdict and enter judgment for plaintiff. Additionally, appellant alleged the judgment was procured without any notice of assignment for trial to counsel for plaintiff (sic).

After a hearing the trial court denied the motion.

1. As to the allegation that appellant's counsel received no notification of assignment for trial, the only reference in the record relating to this matter is the trial judge's order, which states that "[T]he above styled matter having regularly come before this Court on the published jury calendar . . ."

"Error must appear from the record sent to this court by the clerk of the trial court. [Cits.] The burden is on the party alleging error to show it affirmatively by the record. [Cits.]" *Moye v. State,* 127 Ga. App. 338, 341 (193 SE2d 562) (1972). Accord, *Johnson v. Cleveland,* 131 Ga. App. 560, 561 (206 SE2d 704) (1974). Further, there is a presumption in favor of the proper conduct of courts and judicial officers acting within their legitimate sphere. Code Ann. § 38-114; *Johnson v. Cleveland,* supra. As the error does not appear from the record, this enumeration is without merit.

2. When appellant/defendant did not appear for trial, appellee presented evidence to the court and thereafter the trial judge directed the jury to return a verdict for plaintiff. Although appellee states in its brief that the judge did not direct a verdict as to damages, but only as to liability, this court cannot consider factual representations in a brief which do not appear on the record. *Coweta Bonding Co. v. Carter,* 230 Ga. 585, 586 (1) (198 SE2d 281) (1973); *Konscol v. Konscol,* 151 Ga. App. 696 (261 SE2d 438) (1979). The record shows that the jury entered a verdict for plaintiff in the amount of $14,215 damages and $4,690 attorney fees; the written verdict states that the finding was entered "at the direction of the court." Thus, there is nothing in the record to indicate that the court directed a verdict as to liability only. This was error, as Code Ann. § 20-1411 provides that the question of damages is for the jury, and this has long been the rule. *Realty Bond & Mtg. Co. v. Harley,* 19 Ga. App. 186 (2) (91 SE 254) (1917). Also, it has long been held by this court that in suits where the expenses of litigation might be recovered as a part of the damages, it is error for the trial court to direct a verdict therefor. The matter of such expenses is left solely to the jury. *Patterson & Co. v. Peterson,* 15 Ga. App. 680, 684 (84 SE 163) (1915);

*Pritchett v. Rainey,* 131 Ga. App. 521, 522 (206 SE2d 726) (1974); *Altamaha &c. Center v. Godwin,* 137 Ga. App. 394, 396 (224 SE2d 76) (1976). Accordingly, the trial court erred in denying appellant's motion to vacate and set aside the judgment.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

Submitted October 15, 1979 — Decided March 10, 1980.

*David L. G. King, Jr.,* for appellant.
*Michael B. McKeithen,* for appellee.