## 62276. FOUNTAIN v. BURKE.
## 62277. BURKE v. SERVICE ALUMINUM, INC. et al.

DEEN, Presiding Judge.

M. L. Burke, a division of American Tempering, Inc., sold Service Aluminum, Inc. credit merchandise, on which approximately $25,000 remained unpaid. Service Aluminum, Inc. suffered a fire as a result of which it went out of business. Theo Fountain, the president, sole director and sole stockholder of Service

Aluminum, Inc. had capitalized the corporation at $31,000 and subsequently personally loaned it funds on promissory notes of which $179,000 was owing at the time of the fire. Thereafter, when the corporation's insolvency due to inadequate insurance became obvious, Fountain paid off certain debts, mostly secured, and then had the corporation pay the remaining $100,000 to be credited against the corporation's note to himself. Burke sued Service Aluminum, and obtained a judgment against it. It also moved for and obtained a summary judgment against Fountain who had been added as an additional defendant. Fountain appeals.

1. The contention that this case cannot proceed until a nulla bona against Service Aluminum, Inc. has been obtained is without merit. "[T]he allegations of the petition as to the judgment being obtained against the corporation together with the allegations of the prior conveyance of all the corporate property is tantamount to an allegation of an entry of nulla bona on an execution." *Emhart Corp. v. McLarty,* 226 Ga. 621, 624 (176 SE2d 698) (1970). Proof to this effect accompanying the motion for summary judgment serves the same purpose.

2. It is clear that the appellee Fountain is the alter ego and sole motivator of the business activities of the corporation; that he greatly undercapitalized Service Aluminum, Inc. in the first instance and that he subsequently lent it a large share of its operating capital; that the corporation was highly successful and had built up ample assets and operating capital but was rendered insolvent as the result of a fire which destroyed the greater part of its inventory, and that M. L. Burke, after recovering some part of its debt by garnishment and some by retrieving that part of the merchandise sold by it which had not been destroyed beyond use, remained a creditor of the corporation in the sum of approximately $25,000. While under-capitalization may be considered by the court it is in itself a perfectly legal business device. Kaplan's Nadler Georgia Corporation Law, § 4-10. (1971 ed.) In cases of insolvency, however, it may be closely examined to determine whether it is in fact a cloak for a preference granted to an officer, majority stockholder, etc. Albert Richards Co. v. The Mayfair, 191 NE. 430 (1934).

Our Code prohibits any assignment for the benefit of creditors by any corporation which has the effect of preferring one creditor over another. Code § 28-302. When a corporation is insolvent and creditors claim from its assets an amount to repay an antecedent debt "the officers of the corporation would be under duty to apply the [assets] primarily to the payment of the debts of the corporation and could not for their personal benefit lawfully apply such proceeds to the payment of existing debts owing to them individually or give

preference to existing debts which the corporation owed to other persons, and for which such officers were primarily liable, such payments or preferences not having been made in the performance of any agreement or understanding entered into at or prior to the time when the liabilities were incurred, or before the insolvency of the corporation." *Tatum v. Leigh,* 136 Ga. 791 (2) (72 SE 236) (1911). In the same way, the sole owner and president of the defendant corporation could not, after the corporation became insolvent, seize all its remaining assets and apply them to a debt owed by the corporation to himself personally, thereby rendering it incapable of paying its other business debts. That this occurred is illustrated by the statement of Fountain to the creditor that the corporation had no money to pay even $1,000 on the account. See also *Ware v. Rankin,* 97 Ga. App. 837 (104 SE2d 555) (1958).

3. By cross appeal M. L. Burke contends that the trial court erred in denying its claim for attorney fees under Code § 20-1404 by way of summary judgment and leaving this issue for jury determination. The trial court in reaching its conclusion on the merits of the case carefully refrained from any finding of fact that Fountain had committed an overt fraud, but rather based his conclusions on the legal premise that the preference granted his demand note violated a duty owed by officers, directors and stockholders (all of which he was) to administer the fund of the insolvent corporation in the manner of a trust fund to all creditors equally. This was entirely proper, since in any event the issue of bad faith would be for jury determination. *Patterson & Co. v. Peterson,* 15 Ga. App. 680 (4) (84 SE 163) (1914); *Tab Sales, Inc. v. D. & D. Distributors, Inc.,* 153 Ga. App. 779 (2) (266 SE2d 558) (1980).

*Judgments affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1981 —
REHEARING DENIED NOVEMBER 2, 1981
IN CASE NO. 62276 — ▮▮▮▮▮▮▮▮▮▮

*Charles B. Merrill, Jr., John R. Thompson, Carroll V. Reynolds,* for appellant (case no. 62276).

*Robert S. Reeves, Gwenn Dorb-Holland,* for Burke.

*Charles B. Merrill, Jr., John R. Thompson,* for appellees (case no. 62277).