## 67396, 67397. JOSEPH CAMACHO ASSOCIATES, INC. v. MILLARD (two cases.).

SOGNIER, Judge.

Richard Millard sued Joseph Camacho Associates, Inc. (JCA) to recover salary and commissions alleged to be due under an employment agreement. The agreement, which followed negotiations between the parties, was drafted by Millard as a letter to JCA's president and was signed by both on May 1, 1981. The agreement provided in pertinent part as follows:

"Pursuant to our meeting of April 21, 1981, I am accepting your plan C proposal.

"This plan calls for a salary of $30,000.00 and a commission to be paid on gross receipts to be paid in the following manner. Salary — $30,000 per year 20,000 paid during the first 3 months 2,000 additional every 3 months until 30,000 is reached. Commission — 5% of gross receipts for 1st six months. 6% of gross receipts thereafter."

Millard was employed by JCA from May 1, 1981 until January 31, 1982 and was paid $15,406.91 in salary. He brought the instant action to recover the balance allegedly due after leaving his employment. The trial court granted Millard's motion for summary judgment, finding JCA liable in the amount of $1,093.09 for unpaid salary and $5,906.28 for unpaid commissions. The trial court also awarded Millard reasonable attorney fees. JCA appeals.

1. Appellant contends that the trial court erred by granting summary judgment in favor of appellee because questions of fact remain as to the true intent of the parties and as to whether the contract had been modified due, in part, to appellee's nonperformance.

a. The trial court found that the terms of the agreement were conflicting in that they specified a salary of $30,000 per year but set forth a method of payment that would result in a salary totalling only $26,000 per year. The trial court apparently resolved the conflict by reference to parol evidence consisting of notes made by appellant's president during negotiations preceding the agreement. These notes outlined as "Plan C," a payment method which would have given appellee an eventual salary of $30,000 per year, but a salary of only $22,500 during his first year. However, parol evidence is inadmissible to add to, take from, or vary a written contract, OCGA § 13-2-2 (1) (Code Ann. § 20-704), and the trial court erred by using parol evidence to resolve the conflict between the salary provision and the method-of-payment provision. *Kellos v. Parker-Sharpe, Inc.,* 245 Ga. 130, 132 (1) (263 SE2d 138) (1980).

The ambiguity created by the inconsistent provisions may be

resolved by looking to the contract as a whole to ascertain the intention of the parties. *Hull v. Lewis,* 180 Ga. 721, 724 (180 SE 599) (1935); *Indian Trail Village v. Smith,* 152 Ga. App. 301, 303 (2) (262 SE2d 581) (1979). Viewing the contract as a whole, where there are conflicting provisions, "[t]he clause contributing most essentially to the contract is entitled to the greater consideration. . . ." 17A CJS 163, Contracts, § 309. "A subsidiary provision should be so interpreted as not to be in conflict with what clearly appears to be the 'dominant purpose' of the contract." 3 Corbin on Contracts 173-176, § 547. Thus, in the instant case, the salary provision, which fixes the amount of compensation appellee is to be paid each year in his employment, is the dominant clause and overrides the provision for method of payment, which is included for the convenience and guidance of the parties but is not essential to the contract. See Hardin v. Dimension Lumber Co., 13 P2d 602, 604 (Ore. 1932). See generally *Savannah &c. R. Co. v. Callahan,* 56 Ga. 331 (1) (1876); Nice Ball Bearing Co. v. Lescure, 227 F2d 118 (7th Cir. 1955).

"The construction which will uphold a contract in whole and in every part is to be preferred. . . ." OCGA § 13-2-2 (4) (Code Ann. § 20-704); *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 674 (34 SE2d 839) (1945). An interpretation of the agreement other than that we adopt here "would result in the absolute cancellation and rejection of the very provision of the contract which the parties intended should fix the ultimate [compensation] to be paid . . . and would have the effect of making a new contract between the parties, which no court has power to do." Hardin, supra at 603.

Further, we note that the law in Georgia remains that the first of two contradictory contract clauses will prevail. The salary clause is the first of the two clauses in question here. *Barge & Co. v. City of Atlanta,* 161 Ga. App. 675, 678 (288 SE2d 98) (1982); *Wilners, Inc. v. Fine,* 153 Ga. App. 591, 594 (266 SE2d 278) (1980).

Thus, no question of fact remains as to the terms of the agreement regarding the salary. The trial court erred in concluding that appellee was entitled to $22,500 rather than $30,000 per year as salary and basing its award thereon, but the error benefited appellant. "Harm as well as error must be shown to authorize a reversal by this court. [Cits.]" *Craig v. Citizens &c. Nat. Bank,* 142 Ga. App. 474, 476 (236 SE2d 166) (1977). There is no cross-appeal by appellee.

b. We find no other issues of fact as to the terms of the agreement. The trial court's award of commissions was based upon the clear terms of the agreement and computed using gross receipt figures from evidence submitted by appellant.

c. Appellant's contentions that the agreement was twice modified to reduce the amount of appellee's compensation are without merit, there being no evidence in the record of a mutual assent to the modification. "[A] written contract may be modified by mutual consent of the parties, which need not be expressed in words, in writing or signed, but the parties must manifest their intent to modify the original contract." *Ryder Truck Lines v. Scott,* 129 Ga. App. 871, 873-874 (201 SE2d 672) (1973). Appellant's argument that modification of the agreement was authorized by appellant's failure to bring in any new business is unsupported by the evidence.

The trial court did not err by granting summary judgment in favor of appellee on the issue of appellant's liability for compensation under the employment contract of May 1, 1981.

2. Appellant contends that the trial court erred by awarding appellee attorney fees pursuant to OCGA § 13-6-11 (Code Ann. § 20-1404) based on its finding that appellant had in bad faith, twice unilaterally altered the terms of its original contract with appellee. "Whether a plaintiff is entitled to recover expenses of litigation is solely a question for determination by a jury. [Cits.]" *Pritchett v. Rainey,* 131 Ga. App. 521, 522 (206 SE2d 726) (1974). See *Tab Sales v. D & D Distributors,* 153 Ga. App. 779, 780 (2) (266 SE2d 558) (1980). The trial court erred by awarding expenses of litigation to appellee on his motion for summary judgment.

*Judgment reversed in part and affirmed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1984.

*David E. Allman,* for appellant.
*Terence G. Kelly,* for appellee.