### 67632. WILLIAMS v. WILLIAMS.

McMURRAY, Chief Judge.

Bessie Lee Williams, by and through her attorney, filed an attachment proceeding against J. C. Williams alleging that he is a non-resident of the State of Georgia, whose whereabouts are unknown to plaintiff and that defendant is indebted to plaintiff in the sum of $6,750, which is rent on certain real property that had been occupied by defendant.

On May 30, 1983, the trial court ordered that a writ of attachment issue, the order stating that it appeared to the trial court that defendant has left the State of Georgia and his whereabouts are unknown. The writ of attachment was issued on May 31, 1983, and executed on June 1, 1983, certain property of the defendant being levied upon by the sheriff.

On July 18, 1983, defendant filed his traverse and the matter was set for hearing on August 4, 1983. On August 25, 1983, an order was filed (nunc pro tunc to August 4, 1983) denying plaintiff's application for attachment and providing that the defendant's property levied upon is free from any lien by virtue of plaintiff's attachment. Plaintiff appeals. *Held*:

Plaintiff's brief addresses only the issue of whether plaintiff's affidavit (as sworn to by her attorney) has satisfied the requirements of OCGA § 18-3-9 and focuses upon whether any deficiency in plaintiff's affidavit arises because it is sworn to by plaintiff's attorney as opposed to plaintiff personally. Prior to its amendment by Ga. L. 1980, pp. 1065, 1066, Code Ann. § 8-109 (Ga. L. 1968, p. 1013), predecessor of OCGA § 18-3-9, specifically provided for the party seeking the attachment, his agent or his attorney at law making the affidavit. The language enacted in 1980 and presently set forth in OCGA § 18-3-9 does not specifically indicate whether the plaintiff's attorney rather than plaintiff may sign the affidavit.

While the suggestion that plaintiff's attorney may not sign the affidavit for attachment would appear to be inconsistent with the provisions of OCGA § 18-3-19 (1), we do not reach a resolution of this

issue. The record before us contains no indication as to whether this issue was germane to the trial court's decision.

Defendant's traverse (of plaintiff's affidavit) filed on July 18, 1983, was authorized by the provisions of OCGA § 18-3-15. Defendant's traverse averred that he was not indebted to plaintiff and that plaintiff's attorney did not conduct a diligent search to ascertain defendant's whereabouts, defendant having left a change of address with the local post office by which he received forwarded mail at his address in Florida. The record also contains a notice of defense counsel's intent to bring the traverse on for hearing before the trial court on August 4, 1983, and a subpoena requiring plaintiff's presence at that time.

The record contains no transcript of a hearing on the traverse. There is no contrary indication, hence there is a presumption that the trial court complied with the provision of OCGA § 18-3-15 requiring plaintiff to appear and to prove the grounds for the issuance of the attachment. *Murer v. Howard,* 165 Ga. App. 230 (299 SE2d 151); *Tab Sales v. D & D Distrib.,* 153 Ga. App. 779, 780 (1) (266 SE2d 558). OCGA § 18-3-15 requires that if the plaintiff fails to carry his burden of proof the order authorizing the attachment shall be revoked. The trial court's order on August 25, 1983, nunc pro tunc to August 4, 1983, denying plaintiff's application for attachment appears to be in substance a revocation of the attachment under the provisions of OCGA § 18-3-15. Such order presumably being predicated upon a factual determination derived from the evidence presented at the hearing on defendant's traverse and there being no transcript of that hearing presented to us for review on appeal, we must assume that the judgment of the trial court was supported by the evidence. *Jackson v. Jackson,* 243 Ga. 338 (253 SE2d 758); *Siegel v. Gen. Parts Corp.,* 165 Ga. App. 339, 340 (2) (301 SE2d 292). We find no error in the trial court's revocation of the writ of attachment.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 25, 1984 —
REHEARING DENIED MARCH 29, 1984 —

*Elsie Higgs Griner,* for appellant.
*Howard E. Yancey, Jr.,* for appellee.