A90A0601. CROOK et al. v. WEST et al.
(395 SE2d 260)

BANKE, Presiding Judge.

The appellants, W. Tony Crook and TAC Builders, Inc., sued the appellees, Mr. and Mrs. West, alleging that the latter had breached a contract to purchase a residence which the appellants had constructed for them. The appellees denied liability and counterclaimed to recover a $2,000 earnest money deposit which they had paid on the property. The case was tried before a jury, which found for the appellees based on a determination that there was a valid contract between the parties but that it was the appellant builders who were in breach of it. The appellants' sole contention on appeal is that the evidence did not support the jury's verdict.

The parties' dispute was over the purchase price of the property. On the first page of their 8-page contract, there appeared, under the heading, "PURCHASE PRICE AND METHOD OF PAYMENT," the following language: "The purchase price of said property shall be . . . $125,900.00. . . ." However, immediately preceding this language was the statement, "PURCHASE PRICE SUBJECT TO MODIFICATION PRIOR TO CLOSING"; and page 7 of the contract consisted, in its entirety, of a provision, entitled *RESPONSIBILITY TO COOPERATE AND BUILDER'S PROFIT*," which specified, in pertinent part, as follows: "The final purchase price will be determined by the actual construction costs of the building, including land and all documented related construction costs, . . . plus 20% of this total cost figure." The appellants alleged in their complaint that their "actual construction costs were approximately $160,000, and that, accordingly, the purchase price on a cost-plus-profit (20%) basis would be approximately $192,000.00."

While the appellees conceded at trial that the stated price of $125,900 was intended to be subject to some fluctuation, up or down, based on the price of materials, they indicated that a disparity of the size which actually occurred was outside the realm of contemplation. The appellees were willing to close for $125,900 but not at the higher price demanded by the appellants. *Held*:

Even taking into consideration the appellees' concession that the "fixed price" amount was intended to be subject to some fluctuation, the jury was authorized to find that the two purchase price provisions were not consistent, given the more than 50-percent discrepancy between the fixed-price amount and the cost-plus amount ultimately demanded by the appellants. Generally speaking, "the law in Georgia [is] that the first of two contradictory contract clauses will prevail." *Joseph Camacho Assoc. v. Millard*, 169 Ga. App. 937, 938 (315 SE2d 478) (1984). Furthermore, the contract was prepared by appellant Crook, who testified that he had a law degree; and "[i]t is well estab-

lished that any ambiguity in a contract is to be construed against the party who drafted it." *National City Bank of Rome v. Busbin*, 175 Ga. App. 103, 107 (332 SE2d 678) (1985). See OCGA § 13-2-2 (5). It follows that the jury's verdict was not contrary to the evidence.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED MAY 25, 1990 —
REHEARING DENIED JUNE 13, 1990.

*Grover C. Bailey*, for appellants.
*Zachary & Segraves, W. E. Zachary, Sr.*, for appellees.