## A91A0251. POLMA, INC. v. COASTAL CANVAS PRODUCTS COMPANY, INC.
(405 SE2d 531)

Carley, Judge.

Appellee-plaintiff brought suit in two counts, seeking to recover on account or, in the alternative, for the breach of a contract to provide curtains to appellant-defendant. Appellant answered and coun-

terclaimed against appellee for breach of the contract. The case was tried before a jury but, at the close of all of the evidence, the trial court granted appellee's motion for a directed verdict and appellant appeals.

1. The trial court did not err in refusing to admit, as a business record, a handwritten note which was shown to be merely a personal paper rather than a record made in the regular course of business and which purported to be merely a non-contemporaneous record of the contents of prior conversations rather than a contemporaneous record of any business act, transaction, occurrence, or event. *Anton Intl. Corp. v. Williams-Russell & Johnson*, 190 Ga. App. 150 (377 SE2d 688) (1989); *Goss v. Mathis*, 188 Ga. App. 702 (373 SE2d 807) (1988).

2. The trial court did not err in refusing to admit evidence of a communication to appellee from its attorney indicating that a settlement with appellant might be the "best bet." OCGA §§ 24-3-37; 24-9-21 (2).

3. Contrary to appellant's contentions, a summary of business records is admissible even though the summary itself may not qualify as a "business record" under OCGA § 24-3-14. *Tyner v. Sheriff*, 164 Ga. App. 360 (2) (297 SE2d 114) (1982).

4. At the close of appellee's evidence, appellant moved for a directed verdict as to the issue of its liability for attorney's fees pursuant to the "bad faith" provision of OCGA § 13-6-11 and the denial of this motion is enumerated as error.

The record demonstrates that the trial court subsequently directed a verdict for attorney's fees on the basis of appellant's purported "stubborn litigiousness," rather than its "bad faith." Accordingly, error, if any, in denying appellant's motion for a directed verdict as to its liability under OCGA § 13-6-11 for "bad faith" attorney's fees would be harmless at most.

5. The grant of appellee's motion for a directed verdict as to appellant's liability on the main action is enumerated as error. The record shows that appellee introduced evidence of its substantial compliance with the terms of the contract and that, in opposition, appellant introduced no evidence of appellee's material breach of the contract. It follows that the trial court correctly granted appellee's motion for a directed verdict as to appellant's liability. *Dennard v. Freeport Minerals Co.*, 250 Ga. 330, 332 (1) (297 SE2d 222) (1982).

6. The grant of appellee's motion for a directed verdict as to appellant's counterclaim is enumerated as error.

Contrary to appellant's contentions, there is no evidence that, under the terms of the contract, appellee was obligated to deliver a specified number of curtains per week. The evidence showed only that there was an agreement to provide a specified number of curtains by a certain date. Although there was evidence that all of the curtains were

not delivered by the specified date and that all of the curtains did not conform to the contract specifications, there was no probative evidence as to the amount of damages, if any, that might be recoverable for appellee's deviation from strict and literal compliance with its contractual obligations. Accordingly, the trial court did not err in granting appellee's motion for a directed verdict as to appellant's counterclaim. *Toole v. Brownlow & Sons Co.*, 151 Ga. App. 292, 293 (1) (259 SE2d 691) (1979).

7. The trial court did, however, err in granting a directed verdict as to appellee's recovery of attorney's fees pursuant to OCGA § 13-6-11. "This was error, as [OCGA § 13-6-11] provides that the question of damages is for the jury, and this has long been the rule. [Cit.] Also, it has long been held by this court that in suits where the expenses of litigation might be recovered as part of the damages, it is error for the trial court to direct a verdict therefor. The matter of such expenses is left solely to the jury. [Cits.]" *Tab Sales v. D & D Distrib.*, 153 Ga. App. 779, 780 (2) (266 SE2d 558) (1980).

8. Appellant enumerates as error the grant of appellee's motion for a directed verdict as to pre-judgment interest. However, the trial court, having correctly granted a directed verdict as to appellant's liability on the main action and as to appellee's non-liability on the counterclaim, did not err in further directing a verdict in favor of appellee as to pre-judgment interest. *Buck Creek Indus. v. Crutchfield & Co.*, 133 Ga. App. 80, 81 (1) (210 SE2d 32) (1974). Unlike an award of attorney's fees pursuant to OCGA § 13-6-11, pre-judgment interest on a liquidated claim can be awarded by directed verdict. See generally *Carnes v. Mobley's Tire & Recap Svc.*, 134 Ga. App. 913, 914 (2) (216 SE2d 703) (1975).

9. The judgment is affirmed in all respects except the award of attorney's fees. In that regard, the judgment must be reversed and a new trial held solely as to the issue of attorney's fees.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 9, 1991 —
REHEARING DENIED APRIL 30, 1991 —

*George P. Graves*, for appellant.
*Parker, Johnson, Cook & Dunlevie, Christopher W. Derrick, William C. Tinsley II*, for appellee.