A00A0747. GRAVES v. DIAMBROSE et al.
(534 SE2d 490)

BLACKBURN, Presiding Judge.

Dean Graves d/b/a Dexterity was hired by Michael and Sharon Diambrose to refinish hardwood floors in their home. While performing this work, Graves damaged the Diambroses' home by: (1) pouring stain and sealer into the kitchen sink and spilling it on the Corian countertops, thereby staining them; (2) attempting to remove these stains using coarse sandpaper; (3) placing wet rollers and brushes on the carpet, thereby staining it and clumping it with sealer; and (4) leaving the hardwood floors in an unfinished, unsightly manner. Although Graves agreed to pay for the damage, he failed to do so, and the Diambroses were forced to sue for recovery. The Diambroses then moved the trial court to grant a motion for summary judgment, which Graves did not answer. The trial court granted the motion, awarding the Diambroses $11,241.50 in compensatory damages and $770 in attorney fees. On appeal, Graves admits liabilty, but he contends that the trial court erred in its award of compensatory damages and attorney fees. For the reasons set forth below, we affirm.

1. Graves contends that the trial court erred by awarding the Diambroses $11,241.50 in compensatory damages, contending that there was insufficient evidence to support the award.

In support of their claims, the Diambroses submitted personal affidavits recounting the damage, and Michael Diambrose averred that a cost of $11,241.50 would have to be incurred to repair his home: (1) $3,150 to repair the hardwood floors; (2) $1,000 to remove and replace the backsplash behind the kitchen counter; (3) $815 to remove and replace the sink; (4) $5,618 to replace the Corian countertops in the kitchen; (5) $250 for plumbing services; and (6) $408.50 to replace carpeting. In addition, the Diambroses supplied the trial court with estimates from contractors to support each of

their replacement cost estimates.

" 'Generally, the proper measure of damages for defective workmanship would be the cost of repair of the defect.' " *Paul Davis Systems &c. v. Peth*, 201 Ga. App. 734, 736 (1) (412 SE2d 279) (1991). Furthermore, the cost of repairs is the appropriate measure of damages for injury caused to a building or home. *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 100 (4) (321 SE2d 820) (1984). The trial court correctly applied these principles to the evidence presented by the Diambroses which allowed calculation of the cost of repair to a reasonable certainty. As such, there was no error.

2. Graves also contends that the trial court erred by granting the Diambroses $770 in attorney fees.

"OCGA § 13-6-11 allows (attorney fees) where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. Further, whether or not the defendant/appellant acted in bad faith in its contractual relations is an issue for the jury to determine." (Punctuation omitted.) [*Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 218 (5) (489 SE2d 329) (1997)]. "Bad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. So defendants can be held liable for attorney fees if they committed the breach in bad faith." (Citations and punctuation omitted.) *Young v. A. L. Anthony Grading Co.*, 225 Ga. App. 592, 593 (484 SE2d 318) (1997). "As to whether the defendant was stubbornly litigious or caused the plaintiff unnecessary trouble and expense, mere refusal to pay a disputed claim, without suit is not sufficient to award attorney fees. The key to the test is whether there is a bona fide controversy. Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense. However, recovery of attorney fees for stubborn litigiousness is not authorized where there is a bona fide controversy." (Citations and punctuation omitted.) *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 580 (2) (373 SE2d 758) (1988).

*Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 856-857 (1) (c) (501 SE2d 30) (1998).

In this case, the trial court could have properly found that Graves acted with bad faith or that he caused the Diambroses unnecessary trouble and expense by failing to make the repairs to their home. According to the Diambroses, Graves agreed to repair their home shortly after it was damaged; however, despite many requests by the Diambroses, Graves never fulfilled his promise, despite the fact that, in the proceedings below, he admitted that he was responsible for all of the damage except with regard to the Corian countertops. On appeal, he admits liability for all of the damage. Because Graves failed to make repairs as promised, the trial court could find that he had agreed to make the repairs in bad faith. In addition, because Graves forced the Diambroses to file a lawsuit to recover for damage Graves freely admitted to causing, the trial court could have also found him to be stubbornly litigious. *Wheat Enterprises*, supra. As such, the trial court appropriately assessed attorney fees against Graves.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED MAY 3, 2000.

*Robert H. McDonnell*, for appellant.
*Miles & Reese, Elizabeth J. Csehy*, for appellees.