A04A1929, A04A1930. BANK ONE, N.A. v. AMERCANI;
and vice versa.
(610 SE2d 103)

MILLER, Judge.

Khalid Amercani brought the first of these consolidated actions for title, damages, and attorney fees concerning an off-lease Mercedes convertible he purchased from a now-defunct luxury dealership in Palm Beach, Florida. The dealer went out of business without paying off the original lien on the car. Bank One, the original lienholder, cross-claimed for possession of the car. The trial court granted summary judgment to Amercani on the car and to Bank One on damages and fees. We find no error and therefore affirm.

The record shows that in January 2001, Alicia Fox leased a Mercedes Benz CLK 430 convertible from Luxury Cars of Palm Beach, Inc. (LCPB). As it had for many other LCPB customers, Bank One's predecessor in interest financed the lease. Fox drove the vehicle and made payments under the lease until May 2002, when she consigned the vehicle to LCPB for resale. Fox did not inform Bank One of her intention to consign the car back to LCPB before doing so. Fox continued to make payments under her Bank One lease until September 2002, and notified Bank One a few weeks later that she had consigned the car to LCPB.

In June of the same year, Khalid Amercani purchased Fox's convertible from LCPB for $56,500, $39,000 of which came from the trade-in of his 1999 Mercedes convertible, and the remaining $17,500

of which Amercani paid by certified check. LCPB later sold Amercani's old convertible to another customer for $42,500. Bank One financed this transaction as well, retaining the title to Amercani's old car in the process, but credited the amount it was advancing under that deal to LCPB without checking whether its lien on Fox's car had been paid off. At the time of purchase, Amercani was told that he would receive the title to the 2001 CLK 430 within two weeks. To date, Bank One has not cleared the title or forwarded it to Amercani because its lien has not been paid off.

Amercani sued Bank One for title to the car, compensatory and punitive damages, and attorney fees. Bank One answered and counterclaimed for title and possession of the car. Both parties moved for summary judgment. After a hearing, the trial court ruled that Amercani was entitled to the car, but denied his request for other damages and fees on the ground that Bank One had not committed a tort or acted in bad faith. Bank One appeals and Amercani cross-appeals.

1. On appeal from a grant of summary judgment, we review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of fact remains and that the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

This case pits a lienholder against a purchaser in the ordinary course of business in the absence of both the original owner and the middleman who vanished with the purchaser's payment. The parties agree that since the purchase agreement and lease at issue were executed in Florida, that state's version of the Uniform Commercial Code governs, and reads in relevant part:

(1) A purchaser of goods acquires all title which her or his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. *A person with voidable title has power to transfer a good title to a good faith purchaser for value. . . .*

(2) Any *entrusting of possession* of goods to a merchant who deals in goods of that kind gives the merchant power to transfer all rights of the entruster to a buyer in ordinary course of business.

(3) *"Entrusting" includes any delivery and any acquiescence in retention of possession regardless of any condition expressed between the parties to the delivery or acquiescence and regardless of whether the procurement of the entrusting*

*or the possessor's disposition of the goods have been such as to be larcenous under the criminal law.*

(4) The rights of other purchasers of goods and of lien creditors are governed by [other] chapters. . . .

(Emphasis supplied.) Fla. Stat. § 672.403.

Though subsection (1) begins with a version of the old rule that no one can transfer a title greater than she possesses, the statute proceeds to detail the exception to that rule whereby a person with voidable title can transfer good title to a good faith purchaser for value: specifically, that when an owner entrusts goods to a merchant, and that merchant sells to a good faith purchaser for value, that purchaser takes good title, even if the owner and entruster's title is subject to a security interest and the merchant converted the goods by selling them. As the comment to the Uniform Commercial Code puts it, "[t]he many particular situations in which a buyer in ordinary course of business from a dealer has been protected against reservation of property or other hidden interest" have been gathered in subsections (2) and (3) into "a single principle protecting persons who buy in ordinary course out of inventory." UCC § 2-403, Official Comment 2; Fla. Stat. § 672.403; see also *Carlsen v. Rivera*, 382 S2d 825, 826 (Fla. App. 1980) (because he obtained car lawfully, fraudulent dealer could transfer voidable title to buyer in ordinary course, who obtains good title at time of purchase).

The undisputed facts in this case are that Fox was the owner of the car, subject to Bank One's security interest; that she entrusted the car to LCPB for the purpose of selling it; that Bank One knew of the practice of allowing lease customers to consign cars in this way; and that Amercani did not know about Bank One's security interest in the car. As such, Amercani is just the kind of good faith buyer in the ordinary course for whom subsection (2) was written. *Green Tree Acceptance v. Zimerman*, 611 S2d 608, 610 (Fla. App. 1993) (where lienholder entrusts possession of motor vehicle to dealer, or acquiesces in such entrusting by the owner, buyer in ordinary course gets title free of lien); *Florida Dept. of Corrections v. Blount Pontiac-GMC*, 411 S2d 930, 932 (Fla. App. 1982) (even purchaser who "could have done more" to discover security interest is still good faith purchaser when it had no *actual* knowledge of that interest).

Bank One argues that since it was never informed of Fox's transfer of her car to LCPB, it cannot be held to have "acquiesced" to that transfer or any of its consequences. However, there was uncontradicted testimony from Bank One's own regional director of automobile loans and leases that the practice of allowing lessees to consign their vehicle to a dealership is a common one, and that

nothing in the lease agreement barred Fox from doing so. Moreover, Bank One considers being cheated by an unscrupulous dealer "a risk in this business," and one taken voluntarily by it and "every other lender in the country." Whether or not it should have checked whether LCPB had applied the proceeds from the consignment sale to clear the title, then, Bank One acquiesced to Fox's entrusting of her car to LCPB and cannot achieve an equitable position superior to Amercani as a purchaser in the ordinary course. *Green Tree*, supra, 611 S2d at 610; compare *Orlando Dodge, Inc. v. First Union Nat. Bank*, 661 S2d 322 (Fla. App. 1995) (finding in favor of lienholder where buyer in ordinary course was itself a car dealership).

The trial court thus properly granted summary judgment to Amercani as to ownership of and title to the 2001 Mercedes convertible.

2. In his original complaint, Amercani asserted that since Bank One's retention of the title made it impossible to insure and illegal to drive the car, he should be able to recover damages for conversion and trespass as well as punitive damages and attorney fees. The trial court found that there had been "no intentional tort on the part of Ban[k] One, whether in trespass, conversion, fraud, or trover"; that "Ban[k] One has not acted in bad faith, has not been stubbornly litigious, and has not caused the plaintiff unnecessary trouble or expense"; and that the parties' claims in the alternative were moot. The court also praised the "very persuasive arguments on both sides."

We have reviewed the record, and agree that there is no evidence that Bank One committed any intentional tort when it retained the car's title document as lienholder in this bona fide dispute over both the car and its title document. See *Taylor v. Powertel*, 250 Ga. App. 356, 358 (2) (551 SE2d 765) (2001) (setting out elements of conversion action). Thus Amercani's claims for punitive damages and fees must fail. See *Clarke v. Cox*, 197 Ga. App. 83, 84 (2) (397 SE2d 598) (1990) (no punitive damages where no recovery on underlying tort claim); *4WD Parts Center v. Mackendrick*, 260 Ga. App. 340, 345 (2) (b) (579 SE2d 772) (2003) (no fee award where no recovery on underlying tort claim); *Graves v. Diambrose*, 243 Ga. App. 802, 803 (2) (534 SE2d 490) (2000) (no fee award where bona fide controversy exists).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005 —
RECONSIDERATION DENIED FEBRUARY 3, 2005 —

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Peter L. Lublin, Robert J. Hulsey*, for appellant.
*Terry D. Jackson*, for appellee.