A07A2463. BRITO et al. v. THE GOMEZ LAW GROUP, LLC et al.
(658 SE2d 178)

PHIPPS, Judge.

Napoleon, Fanny and Carlos Brito appeal the grant of partial summary judgment in favor of The Gomez Law Group, LLC and Debra Gomez (collectively, "Gomez") on claims for attorney fees and punitive damages in this legal malpractice action. For the reasons set forth below, we affirm in part and reverse in part.

"On appeal of a grant of summary judgment, we conduct a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party."[1] So viewed, the record shows that on July 19, 1996, Napoleon and Fanny Brito and their children Carlos and Janet Brito were in an automobile accident while using equipment obtained from a U-Haul dealer to tow a vehicle. The Britos engaged a Florida law firm to pursue a negligence action against U-Haul, and in July 1998 the Florida firm associated Gomez to bring the action in Georgia. On July 17, 1998, Gomez filed a complaint against U-Haul Corporation on behalf of the Britos in superior court.

Over the next four years, Gomez pursued the possibility of mediation and sent demand letters to U-Haul, but nothing in the record shows that Gomez served any discovery requests or took any depositions. By June 13, 2002, Gomez was aware that the Britos' action against U-Haul had been placed on the October 2002 trial calendar. In September 2002, Gomez sought a continuance, which the court denied. On October 22, 2002, Gomez voluntarily dismissed the case without prejudice.

The Britos did not authorize the dismissal and were not informed of the dismissal until after it occurred. In a November 5, 2002 letter,

---

[1] *Young v. Faulkner,* 251 Ga. App. 847, 848 (555 SE2d 221) (2001) (footnote omitted).

Gomez informed the Britos: "I have voluntarily dismissed your case. The judge on the case did not want to continue the case, so this was our best option."

Gomez did not immediately refile the action as permitted under the renewal statute, OCGA § 9-2-61. Instead, in the months following the dismissal, she attempted to negotiate a settlement with U-Haul but other than her November 2002 letter did not communicate the status of the case with the Britos. On April 1, 2003, shortly before the expiration of the six-month statutory period for renewing the action, Gomez wrote the Britos stating, among other things, that "the delay with your case is not the fault of my office." She also asked the Britos to provide her with "bottom line" settlement authority and to inform her whether they were willing to pay up front the fees and costs associated with refiling the case and conducting discovery.

On April 18, 2003, Gomez attempted to file a renewal complaint in state court. The clerk did not accept the renewal complaint for filing, however, because the filing fee was insufficient. By the time Gomez became aware of the problem and refiled the renewal complaint, the statute of limitation had expired. Gomez did not notify the Britos about missing the filing deadline or about U-Haul's subsequent motion to dismiss the action on statute of limitation grounds.

On October 21, 2003, the state court dismissed the Britos' renewal action as time-barred. Gomez informed the Britos that the action had been dismissed based on the statute of limitation and that the trial court would not allow the action to continue "because of the age of the complaint and time in which the complaint was re-filed with the court."

The Britos later filed three companion lawsuits against Gomez and the Florida firm: an action on behalf of the parents, Napoleon and Fanny; an action on behalf of their son, Carlos; and an action on behalf of their daughter, Janet. They alleged professional negligence, breach of fiduciary duty, and breach of contract. They also sought attorney fees under OCGA § 13-6-11, claiming that Gomez had acted in bad faith representing them in the negligence action against U-Haul and had been stubbornly litigious in defending against the malpractice actions.

Gomez moved for partial summary judgment in all three actions on the breach of fiduciary duty and attorney fee claims. The Britos timely responded with an opposing brief and the affidavit of Janet Brito, stating that the original action had been dismissed without her permission, that Gomez had failed to update her and respond to her inquiries, and that she would not have instructed Gomez to dismiss the action because she wanted to go to trial in October 2002 and was ready to proceed. Shortly before the summary judgment hearing, the

Britos filed the affidavit of Fanny Brito, which included the same statements as Janet Brito's affidavit.

On February 9, 2006, the trial court held a summary judgment hearing at which the issue of whether the Britos could recover punitive damages apparently was raised.[2] On February 21, 2006, the Britos filed a supplemental response containing additional documents in opposition to summary judgment, as well as the affidavit of Carlos Brito, which was substantively the same as the earlier filed affidavits of Janet and Fanny Brito. On March 7, 2006, the Britos filed the affidavit of Napoleon Brito, which also was substantively the same as the other Brito affidavits.

On March 16, 2006, the trial court issued an order on the partial summary judgment motion in the Janet Brito action. In correspondence with the parties, the trial court indicated that some of the rulings in its March 16 order applied also to the Napoleon and Fanny Brito action and the Carlos Brito action. The court also wrote, in a March 24, 2006, letter to the parties: "as to the Gomez Motion for Partial Summary Judgment, the Plaintiff's Supplemental Response had no bearing on my ruling. Further, I do not believe I have even seen the affidavits of Carlos Brito and Napoleon Brito."

In the spring of 2006, in the context of a motion for reconsideration of the March 16 order, the parties submitted written argument on whether the Britos could recover punitive damages against U-Haul in the underlying action. Thereafter, they settled the Janet Brito action. Again in the fall of 2006, the parties submitted supplemental briefs on the availability of punitive damages against U-Haul.

On January 10, 2007, the trial court entered orders in the Napoleon and Fanny Brito and Carlos Brito actions. The court denied Gomez summary judgment on the breach of fiduciary duty claim. The court granted Gomez summary judgment on the attorney fee claims, and found no evidence to support punitive damages against either Gomez in the action on appeal or U-Haul in the underlying action.

1. In their arguments on appeal, the Britos rely largely upon supplemental evidence that they submitted to the trial court after the February 9, 2006 summary judgment hearing. Affidavits and other discovery material opposing summary judgment must be filed at least one day before the hearing on the summary judgment motion,[3] but it is within the trial court's discretion to consider materials filed

---

[2] The record does not contain a transcript of this hearing, but the parties agree that the issue of punitive damages was discussed.

[3] OCGA §§ 9-11-6 (d); 9-11-56 (c); *Parker v. Silviano*, 284 Ga. App. 278, 281 (2) (643 SE2d 819) (2007); *Valhalla, Inc. v. O'Donnell*, 199 Ga. App. 679, 680 (1) (405 SE2d 895) (1991).

after the hearing.[4] In its January 2007 orders in the two actions involved in this appeal, the trial court stated that it had carefully reviewed "the court file, including discovery, affidavits, and depositions, briefs and argument of counsel, and pertinent legal authority. . . ." This statement appears to encompass the supplemental materials. Gomez argues that the trial court's earlier statements in correspondence about its ruling in the Janet Brito action indicate that it did not consider the supplemental materials when ten months later it issued orders in the Napoleon and Fanny Brito and Carlos Brito actions. But in light of the express language of the orders on appeal, we cannot make such an inference. Accordingly, we consider the supplemental materials in our review of the trial court's summary judgment holdings.

2. The Britos argue that the record contains evidence that could support a jury award of attorney fees under OCGA § 13-6-11. That Code section allows a plaintiff to recover the expenses of litigation, including attorney fees, if "the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." The existence of bad faith or stubborn litigiousness usually is a jury question,[5] and "[o]nly in the rare case where there was absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues."[6]

(a) The trial court found a bona fide controversy concerning the "value" of the Britos' claim. As a matter of law, stubborn litigiousness cannot exist if there is a genuine dispute between the parties.[7] And "when the evidence shows the existence of a genuine factual dispute or legal dispute as to liability, the amount of damages, or any comparable issue, then attorney fees are not authorized."[8]

The primary issue to be litigated in this case is the amount of damage sustained by the Britos, which rests in large part on a determination of what the Britos could have recovered in the underlying action against U-Haul. The record contains conflicting evidence

---

[4] *Zampatti v. Trademark Intl. Franchising Corp.*, 235 Ga. App. 333, 338 (2) (b) (508 SE2d 750) (1998); see *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885) (1984); *Gerben v. Beneficial Ga.*, 283 Ga. App. 740, 742 (2) (642 SE2d 405) (2007).

[5] *Steel Magnolias Realty v. Bleakley*, 276 Ga. App. 155, 156 (1) (622 SE2d 481) (2005).

[6] *American Med. Transport Group v. Glo-An, Inc.*, 235 Ga. App. 464, 467 (3) (509 SE2d 738) (1998) (citation omitted).

[7] See *Dennis-Smith v. Freeman*, 277 Ga. App. 822, 824-825 (3) (627 SE2d 872) (2006) (award for attorney fees based on stubborn litigiousness was not authorized in property line dispute where fact of encroachment was not at issue but bona fide controversy existed as to appropriate remedy).

[8] *Wilkinson Homes v. Stewart Title Guaranty Co.*, 271 Ga. App. 577, 583-584 (6) (610 SE2d 187) (2005) (citation omitted).

on this point. The record also reveals that, before the Britos filed their lawsuits, Gomez made an offer of settlement that the Britos rejected,[9] and that a portion of the damages claimed by the Britos rests on their assumption that they could have obtained punitive damages in the underlying case against U-Haul.[10] Moreover, the trial court found, and the Britos do not contest, that material questions of fact exist concerning whether Gomez breached a fiduciary duty owed the Britos. The record demonstrates a genuine dispute that precludes the Britos from obtaining attorney fees based upon stubborn litigiousness, and the trial court properly granted summary judgment to Gomez on that claim.

(b) The Britos contend that the evidence of record supports an award of attorney fees based on bad faith in Gomez's representation of them in their action against U-Haul.[11] Gomez responds that her actions constituted mere negligence, which cannot support a finding of bad faith,[12] and she focuses specifically on the clerical error that led to the dismissal of the renewal complaint. But a jury could find from the evidence that the late filed complaint was the culmination of Gomez's utter failure, throughout a four-year period, to provide adequate representation to the Britos. The evidence could authorize a jury to conclude that, despite owing the Britos a fiduciary duty, Gomez performed inadequate work on the case, consisting primarily of making settlement demands and engaging in occasional telephone calls to U-Haul's counsel; that Gomez failed to prepare the Britos' case for trial notwithstanding notice of a trial date; that being unprepared for trial, Gomez voluntarily dismissed the case without the clients' authorization; and that Gomez misled the clients concerning the reason for the voluntary dismissal and the later dismissal of the renewal action so as to minimize Gomez's responsibility.

The evidence thus could support a jury finding that Gomez's persistent failure to adequately represent the Britos went beyond mere negligence and rose to the level of bad faith in dealing with the clients. Our decision in *Rapid Group v. Yellow Cab of Columbus*[13] does

---

[9] The Britos argue that Gomez's settlement offer is evidence of her stubborn litigiousness because it was less than an offer made by U-Haul to settle the underlying action. But there is no evidence in the record that the Britos wished to accept U-Haul's offer; the Britos do not base their suit against Gomez on a failure to accept the offer; and U-Haul's offer, made in October 2001, neither governs what the Britos would have recovered had their case not been dismissed two years later, nor negates the existence of a bona fide controversy on this issue.

[10] See Division 3 (b), infra.

[11] See *City of Atlanta v. Murphy*, 194 Ga. App. 652, 653-654 (2) (391 SE2d 474) (1990) (considering claim alleging bad faith in transaction out of which cause of action arose).

[12] See *Rapid Group v. Yellow Cab of Columbus*, 253 Ga. App. 43, 49 (4) (557 SE2d 420) (2001).

[13] Id.

not require a different result. In *Rapid Group*, we held that an attorney's representation, while falling well below the required standard of care, amounted to mere negligence or bad judgment without any evidence of bad faith.[14] Here, there is evidence from which a jury could find that Gomez's representation of the Britos was compromised by a motive of self-interest and that Gomez engaged in conscious wrongdoing in acting without authority and affirmatively misleading the Britos about the case. Accordingly, the trial court erred in holding that there was no evidence to support an award of attorney fees based on bad faith and we reverse the court's grant of summary judgment to Gomez on that claim.

3. The trial court ruled that the Britos were not entitled to recover punitive damages either from Gomez in the malpractice action or from U-Haul in the underlying action. The Britos contend that this was error because they did not seek punitive damages against Gomez in their complaints and because Gomez did not move for summary judgment on punitive damages, which resulted in the Britos having neither notice that punitive damages would be addressed on summary judgment nor an opportunity to be heard on the punitive damages issues. Alternatively, they argue that the record demonstrates a jury question on both punitive damages issues.

A trial court may grant summary judgment sua sponte, but this authority is not unlimited. "[I]n addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment."[15] Thus, we have reversed summary judgment where the parties did not argue the merits of a claim either in briefs or at a hearing.[16]

(a) The record does not show that the Britos received full and fair notice and an opportunity to be heard on the issue of the propriety of punitive damages against Gomez. There is no indication in the record that the Britos had notice before the summary judgment hearing that punitive damages would be considered. Moreover, written argument submitted later by the parties addressed the issue of punitive damages only in the underlying action against U-Haul. The later submissions did not address the issue of punitive damages against Gomez, a claim that the Britos did not assert in their complaints but might

---

[14] Id. at 49-50.

[15] *Dixon v. MARTA*, 242 Ga. App. 262, 266 (3) (529 SE2d 398) (2000) (citation and punctuation omitted); see *Fraker v. C. W. Matthews Contracting Co.*, 272 Ga. App. 807, 816 (4) (614 SE2d 94) (2005).

[16] See *Howard v. Pope*, 282 Ga. App. 137, 142-143 (2) (637 SE2d 854) (2006).

choose to assert in an amended complaint.[17] Because under these circumstances the Britos were not afforded notice and an opportunity to be heard on the issue of whether they were entitled to punitive damages against Gomez, the trial court erred in granting Gomez summary judgment sua sponte on that issue, and we reverse that judgment.

(b) The Britos did receive adequate notice and opportunity to be heard on the issue of whether they could have received punitive damages from U-Haul in the underlying action. The Britos asserted a claim for punitive damages in their complaint against U-Haul. And their entitlement to punitive damages against U-Haul was an issue in determining whether a bona fide controversy precluded their claims for attorney fees based on stubborn litigiousness, a question raised by Gomez's motions for summary judgment.[18] In supplemental filings, the Britos argued to the court the issue of punitive damages against U-Haul. The trial court thus was authorized to rule on this issue.

Moreover, the trial court correctly held that the Britos were not entitled to seek punitive damages in the underlying action. The court rejected the Britos' argument that they were entitled to punitive damages against U-Haul because U-Haul engaged in spoliation of evidence by being unable to produce the specific piece of equipment that the Britos allege caused their accident.

Spoliation of evidence "refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation."[19] A trial court has "wide latitude to fashion sanctions [for spoliation] on a case-by-case basis, considering what is appropriate and fair under the circumstances."[20] A court may instruct the jury to presume that the missing evidence would have been adverse to the party who failed to produce it[21] or to remove from the jury's consideration issues related to the spoliated evidence.[22] But the Britos have not cited to any authority to support a court imposing punitive damages as a sanction for spoliation of evidence, and the record contains no evidence of intentional actions by U-Haul going beyond

---

[17] "A party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order." OCGA § 9-11-15 (a).

[18] See Division 2, supra.

[19] *Baxley v. Hakiel Indus.*, 282 Ga. 312, 313 (647 SE2d 29) (2007) (citation and punctuation omitted); *Bridgestone/Firestone North American Tire v. Campbell*, 258 Ga. App. 767, 768 (574 SE2d 923) (2002).

[20] *Bouvé & Mohr, LLC v. Banks*, 274 Ga. App. 758, 764 (2) (618 SE2d 650) (2005) (footnote omitted).

[21] See *Lane v. Montgomery Elevator Co.*, 225 Ga. App. 523, 525 (1) (484 SE2d 249) (1997) (spoliation raises rebuttable presumption that evidence was harmful to spoliator).

[22] *Bouvé & Mohr*, supra at 762, 764.

mere spoliation, such as the fabrication of evidence seen in *Cavin v. Brown*,[23] cited by the Britos. In contrast, the evidence here shows that the equipment was believed to have been lost shortly after the accident, which occurred two years before the litigation was filed. Our holding in *J. B. Hunt Transport v. Bentley*,[24] also cited by the Britos, is inapposite. There, we allowed the presumption that a safety regulation logbook destroyed by the defendant trucking company contained evidence that the company was out of compliance with the regulations; this presumption supported an award of punitive damages, but the punitive damages were not themselves a sanction for the spoliation of the logbook.[25] The trial court did not err when it found no merit in the Britos' claim that they could have recovered punitive damages from U-Haul under these circumstances, and we affirm the grant of summary judgment to Gomez on that claim.

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 14, 2008.

*Savage & Turner, Robert B. Turner*, for appellants.
*Goodman, McGuffey, Lindsey & Johnson, Frederick R. Green*, for appellees.

