S10G0459. COVINGTON SQUARE ASSOCIATES, LLC
v. INGLES MARKETS, INC.
(696 SE2d 649)

CARLEY, Presiding Justice.

Covington Square Associates, LLC (Covington) leased space in a shopping center to Ingles Markets, Inc. (Ingles). After selling the shopping center in 2004, Covington brought suit against Ingles for damages allegedly resulting from its failure to pay a portion of the cost to hire a security guard. In December 2005, Ingles mistakenly sent a check for its portion of real estate taxes to Covington instead of the new landlord. Ingles notified Covington of the mistake and demanded return of the funds. However, Covington retained the funds as partial payment of the claimed security costs. Ingles then filed this action for conversion, attorney fees pursuant to OCGA § 13-6-11, and punitive damages, which was stayed pending the outcome of the other litigation. That litigation ended when the Court of Appeals affirmed the grant of Ingles' motion for summary judgment, ruling that the lease did not require payment of security guard expenses. *Covington Square Assoc. v. Ingles Markets*, 283 Ga. App. 307 (641 SE2d 266) (2007).

Thereafter, the trial court in the case at bar granted partial summary judgment in favor of Ingles, ruling that Covington wrongfully asserted dominion or control over Ingles' property and that Ingles is entitled to attorney fees and punitive damages, but leaving for trial determination of the amounts thereof. The trial court based its attorney fees ruling on the fact that Covington refused to refund the money despite the outcome of the other litigation and caused Ingles the unnecessary trouble and expense of bringing suit where no bona fide controversy existed.

The Court of Appeals affirmed the trial court's rulings as to the conversion claim and attorney fees, but reversed as to punitive damages. With respect to attorney fees, the Court of Appeals held that they can be awarded on summary judgment if the movant is entitled to them as a matter of law and that, "[a]pplying the any evidence standard under these circumstances, [cit.] the trial court did not err in ruling that Ingles was entitled to attorney fees as a matter of law . . . ." *Covington Square Assoc. v. Ingles Markets*, 300 Ga. App. 740, 744 (2) (686 SE2d 359) (2009). Having granted certiorari to review this holding, we conclude that the language of OCGA § 13-6-11 prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law.

In its entirety, OCGA § 13-6-11 provides as follows:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

For many years, the Court of Appeals has recognized that "[t]he intent of the law, as shown by the words, 'the jury may allow them,' is to leave the matter of expenses of litigation to the jury trying the case. [Cit.]" *Taylor v. Estes*, 85 Ga. App. 716, 719 (2) (70 SE2d 82) (1952). See also *Hyde v. Gill*, 236 Ga. App. 729, 734 (3) (513 SE2d 278) (1999); *American Medical Transport Group v. Glo-An*, 235 Ga. App. 464, 467 (3) (509 SE2d 738) (1998); *J. M. Clayton Co. v. Martin*, 177 Ga. App. 228, 232 (6) (339 SE2d 280) (1985); *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 687 (285 SE2d 58) (1981); *Sapp v. Howe*, 79 Ga. App. 1, 3 (4) (52 SE2d 571) (1949); *Patterson & Co. v. Peterson*, 15 Ga. App. 680, 684 (4) (84 SE 163) (1915).

As a result, " 'it has long been held . . . that in suits where the expenses of litigation might be recovered as part of the damages, it is error for the trial court to direct a verdict therefor. The matter of such expenses is left solely to the jury. (Cits.)' [Cit.]" *Polma, Inc. v. Coastal Canvas Products Co.*, 199 Ga. App. 616, 618 (7) (405 SE2d 531) (1991). See also *Tab Sales v. D & D Distrib.*, 153 Ga. App. 779, 780 (2) (266 SE2d 558) (1980); *Patterson & Co. v. Peterson*, supra. Whether a plaintiff has "met any of the preconditions for an award of attorney fees and litigation expenses set forth in OCGA § 13-6-11 [is] solely a question for the jury. [Cit.]" *City of Atlanta v. Broadnax*, 285 Ga. App. 430, 440 (6) (646 SE2d 279) (2007) (affirming judgment on jury verdict in favor of defendant). "[S]uch an award under this statute necessitates jury determination. [Cits.]" *Fontaine Condo. Assn. v. Schnacke*, 230 Ga. App. 469, 471 (3) (496 SE2d 553) (1998) (vacating trial court's award of attorney fees after it denied jury trial thereon).

Consistent with this precedent, the Court of Appeals has correctly held that, because both the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are solely for the jury's determination, a trial court is not authorized to grant summary judgment in favor of a claimant therefor. *Hyde v. Gill*, supra; *American Medical Transport Group v. Glo-An*, supra; *Page v. HSI Financial Svcs.*, 218 Ga. App. 283, 286 (5) (461 SE2d 239) (1995), rev'd on other grounds, *Henderson v. HSI Financial Svcs.*, 266 Ga. 844 (471 SE2d 885) (1996); *Joseph Camacho Assoc. v. Millard*, 169 Ga. App. 937, 939 (2)

(315 SE2d 478) (1984); *Fountain v. Burke*, 160 Ga. App. 262, 264 (3) (287 SE2d 39) (1981); *Pritchett v. Rainey*, 131 Ga. App. 521, 522 (206 SE2d 726) (1974).

Ingles argues that the Court of Appeals, citing *City of Marietta v. Holland*, 252 Ga. 299, 304 (3) (314 SE2d 97) (1984), has stated that "[e]xpenses of litigation under OCGA § 13-6-11 can be awarded on summary judgment, but the movant must be entitled to them as a matter of law. [Cit.]" *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761 (2) (403 SE2d 65) (1991) (reversing summary judgment). See also *Rasmussen v. Nodvin*, 174 Ga. App. 203, 205 (4) (329 SE2d 541) (1985) (reversing summary judgment). However, the *Holland* opinion does not state that litigation expenses under the statute can be awarded on summary judgment. Instead, this Court examined whether there was any genuine issue of material fact as part of its determination that the trial court not only erroneously granted plaintiff's motion for summary judgment, but also erred in denying summary judgment in favor of the defendants. Therefore, rather than authorizing summary judgment for a claimant under OCGA § 13-6-11, *Holland* is explained by the proposition that "[o]nly in the rare case where there was absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues." *American Medical Transport Group v. Glo-An*, supra. See also *Brito v. Gomez Law Group*, 289 Ga. App. 625, 628 (2) (658 SE2d 178) (2008). Other cases relied on by Ingles, as well as statements that determination of the preconditions in the statute is "generally" for the jury, are also explained by the simple proposition quoted above from *American Medical Transport Group v. Glo-An*, supra. *Merlino v. City of Atlanta*, 283 Ga. 186, 191 (4) (657 SE2d 859) (2008); *Tyler v. Lincoln*, 272 Ga. 118, 122 (2) (527 SE2d 180) (2000); *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997); *Webster v. Brown*, 213 Ga. App. 845, 846 (2) (446 SE2d 522) (1994).

Both Ingles and the Court of Appeals relied on *D & H Constr. Co. v. City of Woodstock*, 284 Ga. App. 314, 318-319 (2) (643 SE2d 826) (2007) and *Graves v. Diambrose*, 243 Ga. App. 802, 803-804 (2) (534 SE2d 490) (2000). However, neither decision states that summary judgment can be granted *in favor of a claimant* under OCGA § 13-6-11. Furthermore, contrary to Ingles' argument and the Court of Appeals' opinion here, it is not at all clear that the trial court in either case granted summary judgment on the claim for attorney fees. The Court of Appeals' application of the " 'any evidence' standard of review" in *D & H Constr. Co. v. City of Woodstock*, supra at 319 (2), as well as its determination that the trial court "could have properly found" a statutory basis for attorney fees in *Graves*

*v. Diambrose,* supra at 804 (2), was entirely inconsistent with any such grant of summary judgment. Indeed, we note that, even if attorney fees could be awarded pursuant to OCGA § 13-6-11 on summary judgment, the Court of Appeals still erred in this case by utilizing the "any evidence" standard. "Although the trial court may grant attorney fees or litigation expenses under OCGA § 13-6-11 where it sits as the trier of fact, [cit.], it is not a trier of fact on a motion for summary judgment." *Page v. HSI Financial Svcs.,* supra. See also *Rasmussen v. Nodvin,* supra. Compare *Artzner v. A & A Exterminators,* 242 Ga. App. 766, 773 (4) (531 SE2d 200) (2000) (where Court of Appeals looked for any evidence showing that the grant of summary judgment to defendant was error).

Accordingly, the trial court erred by awarding expenses of litigation pursuant to OCGA § 13-6-11 to Ingles on its motion for summary judgment. *American Medical Transport Group v. Glo-An,* supra; *Joseph Camacho Assoc. v. Millard,* supra. The judgment of the Court of Appeals must therefore be reversed to the extent that it affirms the trial court's grant of summary judgment in favor of Ingles with respect to its claim for attorney fees. Our holding does not affect the remaining rulings of the Court of Appeals.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JUNE 28, 2010.

*Michael A. Kessler,* for appellant.
*Adam N. Struletz,* for appellee.